[Cite as *State v. Crawford*, 2022-Ohio-3125.]

COURT OF APPEALS
MUSKINGUM COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| | | |
|---|---|---|
| STATE OF OHIO | : | JUDGES: |
| | : | Hon. Earle E. Wise, Jr., P.J. |
| Plaintiff-Appellee | : | Hon. Patricia A. Delaney, J. |
| | : | Hon. Craig R. Baldwin, J. |
| -vs- | : | |
| | : | |
| TALISA CRAWFORD | : | Case No. CT2021-0059 |
| | : | |
| Defendant-Appellant | : | O P I N I O N |


CHARACTER OF PROCEEDING:     Appeal from the Court of Common
                            Pleas, Case No. CR2021-0347




JUDGMENT:                   Affirmed




DATE OF JUDGMENT:           September 6, 2022




APPEARANCES:

For Plaintiff-Appellee                    For Defendant-Appellant

RONALD L. WELCH                           RYAN AGEE
27 N. 5th Street, #201                    100 S. Layfayette Street
Zanesville, OH  43701                     Camden, OH  45311

*Wise, Earle, P.J.*

{¶ 1} Defendant-appellant Talisa Crawford appeals the October 20, 2021 judgment of conviction and sentence of the Muskingum County, Ohio Court of Common Pleas Criminal Division. Plaintiff-Appellee is the State of Ohio.

FACTS AND PROCEDURAL HISTORY

{¶ 2} On June 8, 2021, law enforcement officers responded to Genesis Hospital in response to a woman with a gunshot wound. Subsequent investigation determined the woman had been to appellant's home on Owens Street in Muskingum County to purchase drugs and instead was shot. A later search warrant of appellant's home produced numerous bags of suspected narcotics and items typically associated with trafficking in narcotics.

{¶ 3} Appellant was the lessee of the home. She denied selling drugs herself, but admitted she was aware of the presence of drugs in her home and the fact that others in her home sold drugs out of the home. Three baggies containing suspected drugs were found in appellant's bedroom. One baggie later tested positive for methamphetamine and two baggies tested positive for cocaine.

{¶ 4} On June 24, 2021, the Muskingum County Grand Jury returned and indictment charging appellant with nine drug-related offenses. On August 30, 2021, appellant entered pleas of guilty to four of the charges, specifically, permitting drug abuse, possession of cocaine, possession of methamphetamine, and possession of cocaine, all felonies of the fifth degree.

{¶ 5}   The trial court ordered a pre-sentence investigation. At a sentencing hearing held on October 18, 2021, appellant was sentenced to eleven months incarceration on each count. Appellant was ordered to serve the sentences concurrently.

{¶ 6}   A timely notice of appeal was filed on appellant's behalf. This Court issued a judgment entry on April 19, 2022, notifying appellant that her counsel filed an Anders brief, and allowing appellant to file a pro se brief within 60 days. A copy of the judgment entry was served on appellant via certified U.S. Mail at the Northeast Reintegration Center. Appellant did not file a pro se brief.

{¶ 7}   The matter is now before this court for consideration of counsel's Ander's brief.

{¶ 8}   In *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396 (1967) the Supreme Court of the United States held if, after a conscientious examination of the record, a defendant's counsel concludes the case is wholly frivolous, then counsel should so advise the court and request permission to withdraw. *Anders* at 744. Counsel must accompany his/her request with a brief identifying anything in the record that could arguably support the defendant's appeal. *Id*. Counsel also must: (1) furnish the defendant with a copy of the brief and request to withdraw; and, (2) allow the defendant sufficient time to raise any matters that the defendant chooses. Id. Once the defendant's counsel satisfies these requirements, the appellate court must fully examine the proceedings below to determine if any arguably meritorious issues exist. If the appellate court also determines that the appeal is wholly frivolous, it may grant the counsel's request to withdraw and dismiss the appeal without violating constitutional requirements, or may proceed to a decision on the merits if state law so requires. *Id*.

{¶ 9}   Appellate counsel's brief lists the following proposed assignments of error:

I

{¶ 10} "THE TRIAL COURT ERRED IN ACCEPTING GUILTY PLEA. "

II

{¶ 11} "THE TRIAL ERRED IN SENTENCING THE DEFENDANT TO FOUR 11-MONTH CONCURRENT TERMS."

{¶ 12} In the listed assignments of error, appellate counsel suggests there are no issues that would not be considered frivolous regarding appellant's plea and sentence.

I

Guilty Pleas

{¶ 13} Criminal Rule 11(C) prescribes the process a trial court must use before accepting a plea of guilty to a felony. *State v. Veney*, 120 Ohio St.3d 176, 2008-Ohio-5200, 897 N.E.2d 621. The trial court must follow certain procedures and engage the defendant in a detailed colloquy before accepting his or her plea. *State v. Clark*, 119 Ohio St.3d 239, 2008-Ohio-3748, 893 N.E.2d 462. The court must make determinations and give the warnings that Criminal Rule 11(C)(2)(a) and (b) require and must notify the defendant of the constitutional rights that Criminal Rule 11(C)(2) identifies. *State v. Veney*, 120 Ohio St.3d 176, 2008-Ohio-5200, 897 N.E.2d 621. The underlying purpose of Criminal Rule 11 is to convey information to the defendant so that he or she can make a voluntary and intelligent decision regarding whether to plead. *State v. Ballard*, 66 Ohio St.2d 473, 423 N.E.2d 115 (1981). "When a trial court or appellate court is reviewing a plea submitted by a defendant, its focus should be on whether the dictates of Crim.R. 11 have been followed." *State v. Kelley*, 57 Ohio St.3d 127, 566 N.E.2d 658 (1991).

{¶ 14} The record of the plea hearing demonstrates the trial court strictly complied with all of the requirements of Criminal Rule 11 and conducted a complete and through plea colloquy. Appellant acknowledged she understood her rights, the charges, the maximum penalties, and the specific constitutional rights she was waving by entering her pleas. Transcript of Plea, August 30, 2021 5-11.

{¶ 15} In the *Anders* brief at 4, appellate counsel states, "The record reflects no indication that the plea was taken in error." We agree. The record supports a conclusion that the plea was properly entered and accepted.

II

Sentence

{¶ 16} Under R.C. 2953.08(G)(2), we may either increase, reduce, modify, or vacate a sentence and remand for resentencing where we clearly and convincingly find that either the record does not support the sentencing court's findings under R.C. 2929.13(B) or (D), 2929.14(B)(2)(e) or (C)(4), or 2929.20(I), or the sentence is otherwise contrary to law. *State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, 59 N.E.3d 1231.

{¶ 17} "Clear and convincing evidence is that measure or degree of proof which is more than a mere preponderance of the evidence, but not to the extent of such certainty as is required beyond a reasonable doubt in criminal cases, and which will produce in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established." *Cross v. Ledford*, 161 Ohio St. 469, 120 N.E.2d 118 (1954).

{¶ 18} A sentence is not clearly and convincingly contrary to law where the trial court "considers the principles and purposes of R.C. 2929.11, as well as the factors listed in R.C. 2929.12, properly imposes post-release control, and sentences the defendant

within the permissible statutory range." *State v. Morris*, 5th Dist. Ashland No. 20-COA-015, quoting State v. Dinka, 12th Dist. Warren Nos. CA2019-03-022 and CA2019-03-026, 2019-Ohio-4209. While trial courts are required to consider both R.C. 2929.11 and 2929.12 before imposing a prison sentence, they are not required to make specific findings under any of those considerations. *State v. Wilson*, 129 Ohio St.3d 214, 2011-Ohio-2669, 951 N.E.2d 381, ¶ 31; *State v. Arnett*, 88 Ohio St.3d 208, 724 N.E.2d 793 (2000). "Indeed, consideration of the factors is presumed unless the defendant affirmatively shows otherwise." *State v. Phillips*, 8th Dist. Cuyahoga No. 110148, 2021-Ohio-2772, ¶ 8, citing *State v. Wright*, 2018-Ohio-965, 108 N.E.3d 1109, ¶ 16 (8th Dist.).

{¶ 19} Appellant entered pleas of guilty to four fifth degree felonies. Pursuant to R.C. 2929.14(A)(5), felonies of the fifth degree are punishable by "a definite term of six, seven, eight, nine, ten, eleven, or twelve months." The trial court sentenced appellant to four concurrent 11-month sentences. In its entry the trial court noted its consideration of R.C. 2929.11 and R.C. 2929.12. The trial court further had the benefit of a pre-sentence investigation. During sentencing the state indicated appellant had another felony charge pending in Franklin County, Ohio.

{¶ 20}   We find appellant's sentence is within the statutory range for a fifth-degree felony and the record supports the trial court's findings. Appellant's sentence is therefore not contrary to law.

{¶ 21} In the *Anders* brief at 5, appellate counsel states, "There is no indication that this sentence was contrary to law, or a non-frivolous arguable abuse of discretion by the trial court judge." We agree. We find the record supports the trial court's findings and further find that the sentence is not contrary to law. R.C. 2953.08(G)(2).

{¶ 22} After independently reviewing the record, we agree with appellate counsel's conclusion that no arguably meritorious claims exist upon which to base an appeal. We therefore find the appeal to be wholly frivolous under *Anders*, grant counsel's request to withdraw, and affirm the judgment of the trial court.

{¶ 23} The judgment of the Muskingum County Court of Common Pleas is affirmed.

By Wise, Earle, P.J.

Delaney, J. and

Baldwin, J. concur.

EEW/rw