[Cite as *State v. Adair*, 2023-Ohio-1191.]

COURT OF APPEALS
MUSKINGUM COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| | |
|---|---|
| STATE OF OHIO | JUDGES:<br>Hon. William B. Hoffman, P.J. |
| Plaintiff-Appellee | Hon. John W. Wise, J.<br>Hon. Andrew J. King, J. |
| -vs- | |
| | Case No. CT2022-0016 |
| TIFFANY ADAIR | |
| Defendant-Appellant | O P I N I O N |


CHARACTER OF PROCEEDING:     Criminal Appeal from the Court of Common
Pleas, Case No. CR2021-0434


JUDGMENT:     Affirmed


DATE OF JUDGMENT ENTRY:     April 10, 2023


APPEARANCES:

For Plaintiff-Appellee                    For Defendant-Appellant

RONALD WELCH                        JAMES S. SWEENEY
PROSECUTING ATTORNEY            JAMES S. SWEENEY, LLC
27 North Fifth Street, P.O. Box 189    285 South Liberty Street
Zanesville, Ohio  43702                Powell, Ohio  43055

*Wise, J.*

**{¶1}** Appellant Tiffany Adair appeals the December 15, 2021 judgment entry of the Muskingum County Court of Common Pleas sentencing Appellant to forty-eight months in prison and a ten-year license suspension. Appellee is State of Ohio.

### STANDARD OF REVIEW

**{¶2}** Appellant's appellate counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). We informed Appellant that his attorney had filed an *Anders* brief on his behalf and granted him until January 29, 2023, to file a *pro se* brief. Appellant has not filed a pro se brief.

**{¶3}** In *Anders*, the United States Supreme Court held if, after a conscientious examination of the record, a defendant's counsel concludes the case is wholly frivolous, then he should so advise the court and request permission to withdraw. *Anders* at 744. Counsel must accompany his request with a brief identifying anything in the record that could arguably support his client's appeal. *Id*. Counsel also must: (1) furnish his client with a copy of the brief and request to withdraw; and, (2) allow his client sufficient time to raise any matters that the client chooses. *Id*. Once the defendant's counsel satisfies these requirements, the appellate court must fully examine the proceedings below to determine if any arguably meritorious issues exist. If the appellate court also determines that the appeal is wholly frivolous, it may grant the counsel's request to withdraw and dismiss the appeal without violating constitutional requirements, or may proceed to a decision on the merits if state law so requires. *Id*.

**{¶4}** The relevant facts leading to this appeal are as follows.

## FACTS AND PROCEDURAL HISTORY

{¶5}    On August 19, 2021, Appellant was indicted on Aggravated Vehicular Assault, in violation of R.C. §2903.08(A)(1)(a); Vehicular Assault, in violation of R.C. §2903.08(A)(2)(B); and two counts of OVI, in violation of R.C. §4511.19(A)(1)(A) and R.C. §4511.19(A)(2)(A).

{¶6}    These charges arose from an incident on January 18, 2021. On that date Appellant drove her vehicle into the vehicle in front of her which contained four people. This accident resulted in several juveniles being transported to the hospital, one suffering serious physical harm. Appellant was under the influence of alcohol at the time of the accident.

{¶7}    On November 3, 2021, Appellant pled no-contest to the charge of Aggravated Vehicular Assault, a felony of the third degree.

{¶8}    On December 13, 2021, the trial court held a sentencing hearing. At the hearing the trial court sentenced Appellant to forty-eight months in prison and a ten-year license suspension.

## POTENTIAL ASSIGNMENTS OF ERROR

{¶9}    Counsel's brief suggests one potential assignment of error as follows:

{¶10}    "I. POTENTIAL ISSUES OF WHETHER APPELLANT'S SENTENCE WAS SUPPORTED BY THE RECORD AND CONTRARY TO LAW."

### I.

{¶11}    While counsel in the case *sub judice* did file a pleading purporting to be a brief, the brief does not comply with App.R. 16(A)(7), nor does it comply with the requirements of *Anders*. Counsel in this case failed to include any argument, any citation

to the record and any authorities in support of Appellant's proposed assignments of error. *See State v. Duncan*, 57 Ohio App.2d 93, 94, 385 N.E.2d 323, 324 (Ohio Ct. App. 1978); *State v. Pullen*, 2d Montgomery No. 19232, 2002-Ohio-6788 (Ohio Ct. App. Dec. 6, 2002). "If an argument exists that can support [an] assignment of error, it is not this court's duty to root it out." *Thomas v. Harmon*, 4th Dist. Lawrence No. 08CA17, 2009-Ohio-3299, 2009 WL 1913281, at ¶14, quoting *State v. Carman*, 8th Dist. Cuyahoga No. 90512, 2008-Ohio-4368, 2008 WL 3975573, at ¶31. "It is not the function of this court to construct a foundation for [an appellant's] claims; failure to comply with the rules governing practice in the appellate courts is a tactic which is ordinarily fatal." *Catanzarite v. Boswell*, 9th Dist. Summit No. 24184, 2009-Ohio-1211, at ¶16, quoting *Kremer v. Cox*, 114 Ohio App.3d 41, 60, 682 N.E.2d 1006 (9th Dist. 1996).

**{¶12}** In her sole potential Assignment of Error, Appellant's nonconforming brief appears to suggest the trial court's sentence was not supported by the record and contrary to law. We disagree.

**{¶13}** This Court reviews felony sentences using the standard of review set forth in R.C. §2953.08. *State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, 59 N.E.3d 1231, ¶22; *State v. Howell*, 5th Dist. Stark No. 2015CA00004, 2015-Ohio-4049, ¶31. Subsection (G)(2) sets forth this Court's standard of review as follows:

> (2) The court hearing an appeal under division (A), (B), or (C) of this section shall review the record, including the findings underlying the sentence or modification given by the sentencing court.

> The appellate court may increase, reduce, or otherwise modify a sentence that is appealed under this section or may vacate the sentence and

remand the matter to the sentencing court for resentencing. The appellate court's standard of review is not whether the sentencing court abused its discretion. The appellate court may take any action authorized by this division if it clearly and convincingly finds either of the following:

(a)     That record does not support the sentencing court's findings under division (B) or (D) of section 2929.13, division (B)(2)(e) or (C)(4) of section 2929.14, or division (I) of section 2929 of the Revised Code, whichever, if any, is relevant;

(b)     That the sentence is contrary to law.

**{¶14}** "Clear and convincing evidence is that measure or degree of proof which is more than a mere 'preponderance of the evidence,' but not to the extent of such certainty as is required 'beyond a reasonable doubt' in criminal cases, and which will produce in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established." *Cross v. Ledford*, 161 Ohio St. 469, 120 N.E.2d 118 (1954), paragraph three of the syllabus.

**{¶15}** "A sentence is not clearly and convincingly contrary to law where the trial court 'considers the principles and purposes of R.C. 2929.11, as well as the factors listed in R.C. 2929.12, properly imposes post release control, and sentences the defendant within the permissible statutory range.'" *State v. Morris*, 5th Dist. Ashland No. 20-COA-015, 2021-Ohio-2646, ¶90, quoting *State v. Dinka*, 12th Dist. Warren Nos. CA2019-03-022 and CA2019-03-026, 2019-Ohio-4209, ¶36.

**{¶16}** Here, Appellant pled no contest to Aggravated Vehicular Assault in violation of R.C. §2913.08(A)(1)(a), a felony of the third degree.

{¶17}    During sentencing, neither party disputed that Appellant's forty-eight-month sentence is within the statutory range for a felony in the third degree. R.C. §2929.14(A)(3)(a).

{¶18}    Appellant appears to argue the trial court may have failed to consider the principles and purposes of felony sentencing under R.C. §2929.11 and the seriousness and recidivism factors under R.C. §2929.12. However, a review of the record shows the clear and convincing evidence supports the trial court's findings under R.C. §2929.11 and R.C. §2929.12. The trial court noted at the sentencing hearing that Appellant got behind the wheel of a vehicle drunk and caused a collision with the victims' car. Appellant never applied the brakes and accelerated into the vehicle. Appellant caused broken ribs, a broken collar bone, burn marks on the face, frontal lobe brain bleed, damage to his pancreas, liver kidney and gall bladder causing one teenage boy to spend twenty-eight days in the hospital. His older brother had four fractured ribs and a jammed up back, missing his junior year high school football season. The boys' mother had a torn ACL and meniscus and had to have surgery. The trial court also noted Appellant lied to officers and blamed the victims stating they cut her off, and Appellant arrived at her first plea hearing drunk.

{¶19}    Upon review, we find the sentence imposed is not clearly and convincingly contrary to law. The sentence is within the statutory range for a felony of the third degree, and the trial court considered the R.C. §2929.11 and R.C. §2929.12 factors.

{¶20}    We find no merit in the sole proposed Assignment of Error, and it is hereby overruled. Furthermore, after independently reviewing the record, we agree with appellate counsel's conclusion that no arguably meritorious claims exist upon which to

base an appeal. We therefore find the appeal to be wholly frivolous under *Anders*, grant counsel's request to withdraw, and affirm the judgment of the trial court.

**{¶21}** For the foregoing reasons, the judgment of the Court of Common Pleas of Muskingum County, Ohio, is hereby affirmed.

By: Wise, J.

Hoffman, P. J., and

King, J, concur.

JWW/br 0330