[Cite as *State v. Stotts*, 2023-Ohio-1411.]

COURT OF APPEALS
MUSKINGUM COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO, | : | JUDGES: |
| | : | Hon. William B. Hoffman, P.J. |
| Plaintiff - Appellee | : | Hon. Patricia A. Delaney, J. |
| | : | Hon. Craig R. Baldwin, J. |
| -vs- | : | |
| | : | |
| WILLIAM STOTTS, | : | Case No. CT2022-0064 |
| | : | |
| Defendant - Appellant | : | O P I N I O N |


CHARACTER OF PROCEEDING:               Appeal from the Muskingum County
                                       Court of Common Pleas, Case No.
                                       CR2022-0212


JUDGMENT:                              Affirmed in part; Reversed in part


DATE OF JUDGMENT:                      April 27, 2023


APPEARANCES:

For Plaintiff-Appellee                 For Defendant-Appellant

RON WELCH                              CHRIS BRIGDON
Prosecuting Attorney                   8138 Somerset Rd.
Muskingum County, Ohio                 Thornville, Ohio 43076


By: JOHN CONNOR DEVER
Assistant Prosecuting Attorney
Muskingum County, Ohio
27 North Fifth St., P.O. Box 189
Zanesville, Ohio 43702

*Baldwin, J.*

{¶1}    Appellant William M Stotts appeals the order of the Muskingum County Court of Common Pleas sentencing him to an aggregate prison term of seventy-two months for the crimes of Trafficking in Drugs in violation of R.C. 2925.03(A)(2) a felony of the third degree; Improper Handling of a Firearm in a Motor Vehicle, in violation of R.C. 2923.16 (B); and Having a Weapon While under a Disability, a violation of R.C. 2923.13 (A) (3), a felony of the third degree. The State of Ohio is appellee.

## STATEMENT OF THE FACTS AND THE CASE

{¶2}    Stotts was released from prison on post release control on December 24, 2021. On April 30, 2022, at approximately 3:00 a.m., Stotts was stopped by the Muskingum County Sheriff's office for a traffic violation. The officer noticed that Mr. Stotts was wearing a handgun holster and asked whether he had a firearm in the vehicle. Stotts admitted that he had a loaded gun and, when asked if there was anything illegal in the vehicle, he admitted possessing methamphetamine. After searching the vehicle, the deputy found a nine-millimeter handgun in a plastic bag with a substance that was later determined to be methamphetamine. Scott also had $564.00 on his person. He admitted possession of the methamphetamine and the hand gun and confessed that he sells drugs to his friends and that he uses methamphetamine daily.

{¶3}    Stotts was charged with seven offenses arising from his arrest. After plea negotiations, the State agreed to dismiss four of the counts in exchange for a plea of guilty to Trafficking in Drugs, a violation of R.C. 2925.03(A)(2), and a felony of the third degree; Improper Handling of a Firearm in a Motor Vehicle, in violation of R.C. 2923.16(B), a felony of the fourth degree and Having a Weapon under a Disability in

violation of R.C.2923.13(A)(3) a felony of the third degree. The State and Stotts also agreed to a joint recommendation of thirty-six months in prison.

{¶4} Stotts appeared before the court on August 14, 2022 for sentencing. After reviewing the facts, the trial court rejected the joint recommendation and imposed an aggregate sentence of seventy-two months, a fine of $5000 and ordered forfeiture of the firearm and the vehicle that Stotts was driving at the time of the offense.

{¶5} Stotts filed a timely appeal and submitted two assignments of error:

{¶6} "I. THE PROPORTIONALITY OF THE SENTENCE WAS INCONSISTENT WITH THE PRINCIPLES SET FORTH O.R.C. § 2929.11 AND FACTORS TO BE CONSIDRED(sic) IN O.R.C. § 2929.12."

{¶7} "II. SHOULD THIS HONORABLE COURT SHOULD VACATE THE TRIAL COURT'S DECISION TO IMPOSE CONSECUTIVE SENTENCES ON COUNTS 2-3 AND 5 BECAUSE THE CONSECUTIVE SENTENCES ARE IN CONTRAVENTION OF THE SENTENCING STATUTES."

## STANDARD OF REVIEW

{¶8} A court reviewing a criminal sentence is required by R.C. 2953.08(F) to review the entire trial court record, including any oral or written statements and presentence investigation reports. Revised Code 2953.08(G)(2) provides we may either increase, reduce, modify, or vacate a sentence and remand for resentencing where we clearly and convincingly find that either the record does not support the sentencing court's findings under R.C. 2929.13(B) or (D), 2929.14(B)(2)(e) or (C)(4), or 2929.20(I), or the sentence is otherwise contrary to law. See, also, *State v. Bonnell,* 140 Ohio St.3d 209, 2014-Ohio-3177, 16 N.E.2d 659, ¶ 28.

**{¶9}** "Clear and convincing evidence is that measure or degree of proof which is more than a mere 'preponderance of the evidence,' but not to the extent of such certainty as is required 'beyond a reasonable doubt' in criminal cases, and which will produce in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established." *Cross v. Ledford*, 161 Ohio St. 469, 120 N.E.2d 118 (1954), paragraph three of the syllabus.

**{¶10}** A sentence is not clearly and convincingly contrary to law where the trial court "considers the principles and purposes of R.C. 2929.11, as well as the factors listed in R.C. 2929.12, properly imposes post release control, and sentences the defendant within the permissible statutory range." *State v. Morris*, 5th Dist. Ashland No. 20-COA-015, ¶ 90 quoting *State v. Dinka*, 12th Dist. Warren Nos. CA2019-03-022 and CA2019-03-026, 2019-Ohio-4209, ¶ 36.

**{¶11}** The trial court must consider the purposes and factors contained in R.C. 2929.11 and 2929.12 but this Court has held that when the transcript of "the sentencing hearing is silent as to whether the trial court considered the factors in R.C. 2929.11 and 2929.12" a presumption arises "that a trial court considered the factors contained in R.C. 2929.12." *State v. Hannah*, 5th Dist. Richland No. 15-CA-1, 2015-Ohio-4438, ¶ 13. *Accord State v. Tenney*, 11th Dist. Ashtabula No. 2009-A-0015, 2010-Ohio-6248, 2010 WL 5289110, ¶ 14 and *State v. Crawford,* 5th Dist. Muskingum No. CT2021-0059, 2022-Ohio-3125, ¶ 18.

**ANALYSIS**

**I.**

{¶12}  In his first assignment of error, Stotts argues "the contrast between the joint recommendation, which certainly was reasonably calculated by the parties to achieve the principles of R.C. § 2929.11, is so great that the sentence was not "minimum sanctions" in an effort to "accomplish those purposes of R.C. § 2929.11." (Appellant's brief, page 9). He asked that we vacate the sentence and remand for resentencing.

{¶13}  This court may modify Stotts' sentence only if it "clearly and convincingly find that either the record does not support the sentencing court's findings under R.C. 2929.13(B) or (D), 2929.14(B)(2)(e) or (C)(4), or 2929.20(I), or the sentence is otherwise contrary to law." Stotts does not argue that R.C. 2929.13(B) or (D), 2929.14(B)(2)(e) or (C)(4), or 2929.20(I) apply, so we are restricted to consideration of whether the sentence is otherwise contrary to law.

{¶14} The sentence imposed by the trial court for each charge is within the statutory guidelines and Stotts does not assert a position to the contrary. Instead, he contends that the trial court's rejection of the jointly recommended sentence and imposition of a significantly longer sentence is not supported by the record and shocks the conscience. The Supreme Court of Ohio has made clear that R.C. 2953.08(G)(2) does not permit "an appellate court to modify or vacate a sentence based on its view that the sentence is not supported by the record under R.C. 2929.11 and 2929.12." *State v. Jones,* 163 Ohio St.3d 242, 2020-Ohio-6729, 169 N.E.3d 649. For that reason, our authority to modify the sentence would arise only if Stotts demonstrates by clear and convincing evidence that the sentence is "otherwise contrary to law."

{¶15} Stotts relies on the Supreme Court of Ohio's decision in *State v. Hairston,* 118 Ohio St.3d 289, 2008-Ohio-2338, 888 N.E.2d 1073 in which the defendant was subject to an aggregate sentence of 134 years and complained that the sentence was "is shocking to a reasonable person and to the community's sense of justice and thus is grossly disproportionate to the totality of his crimes." *Id.* at ¶ 15. The Court found that "[b]ecause the individual sentences imposed by the court are within the range of penalties authorized by the legislature, they are not grossly disproportionate or shocking to a reasonable person or to the community's sense of justice * * *." *Id.,* at ℙ 23.

{¶16} We reach the same conclusion in the case before us as each of Stotts' terms was within the statutory range and thus cannot be found to be grossly disproportionate or shocking to a reasonable person or to the community's sense of justice. We also find that the sentence is not otherwise contrary to law.

{¶17} Stotts also argues that the trial court neglected to consider R.C. 2929.12 during sentencing because there is "no indication that the trial court considered any factors prescribed in R.C. § 2929.12(B)" and "no record that the factors in R.C. § 2929.12(C) were discussed." (Appellant's Brief, p. 11). Stotts does concede that his presentence investigation report was considered by the court and that his counsel argued that he showed "genuine remorse for the offense." (R.C. 2929.12(E)(5)).

{¶18} In our review of the language of R.C. 2929.11 and 2929.12, we have held that:

> While trial courts are required to consider both R.C. 2929.11 and 2929.12 before imposing a prison sentence, they are not required to make specific findings under any of those considerations. *State v. Wilson,* 129

Ohio St.3d 214, 2011-Ohio-2669, 951 N.E.2d 381, ¶ 31; *State v. Arnett,* 88 Ohio St.3d 208, 724 N.E.2d 793 (2000). "Indeed, consideration of the factors is presumed unless the defendant affirmatively shows otherwise." *State v. Phillips*, 8th Dist. Cuyahoga No. 110148, 2021-Ohio-2772, 2021 WL 3560891, ¶ 8, citing *State v. Wright,* 2018-Ohio-965, 108 N.E.3d 1109, ¶ 16 (8th Dist.).

*State v. Crawford,* 5th Dist. Muskingum No. CT2021-0059, 2022-Ohio-3125, 2022 WL 4092532, ¶ 18.

**{¶19}** In a separate case, we concluded that "[a]lthough a trial court must consider the factors in R.C. 2929.11 and 2929.12, there is no requirement that the court state its reasons for imposing a maximum sentence, or for imposing a particular sentence within the statutory range. There is no requirement in R.C. 2929.12 that the trial court states on the record that it has considered the statutory criteria concerning seriousness and recidivism or even discussed them. (Citations omitted.) *State v. Webb,* 5th Dist. Muskingum No. CT2018-0069, 2019-Ohio-4195, 2019 WL 5092631, ¶ 17.

**{¶20}** The trial court was not obligated to describe its rational for the sentence on the record or that it had considered the factors listed in R.C. 2929.12 and Stotts has neither affirmatively shown that the factors were not considered.

**{¶21}** For those reasons, Stotts' first assignment of error is denied.

**II.**

**{¶22}** In his second assignment of error, Stotts contends that the consecutive sentences imposed upon him were contrary to law.

**{¶23}** Revised Code Section 2929.14(C)(4) authorizes the trial court to impose consecutive sentences but only if the court makes specific findings regarding the offender's conduct, the need to punish the offender, or the need to protect the public. "In order to impose consecutive terms of imprisonment, a trial court is required to make the findings mandated by R.C. 2929.14(C)(4) at the sentencing hearing and incorporate its findings into its sentencing entry, but it has no obligation to state reasons to support its findings." *State v. Bonnell,* 140 Ohio St.3d 209, 2014-Ohio-3177, 16 N.E.3d 659, syllabus. "[A] word-for-word recitation of the language of the statute is not required, and as long as the reviewing court can discern that the trial court engaged in the correct analysis and can determine that the record contains evidence to support the findings, consecutive sentences should be upheld." *Id.* at ¶ 29.

**{¶24}** We have reviewed the sentencing transcript and the sentencing entry and neither contain language that can reasonably be interpreted as language that would satisfy the requirements of R.C. 2929.14(C)(4). The state contends that the record contains facts that would support finding that the trial court "engaged in analysis of required R.C. 2929.14(C)(4) findings" sufficient to support consecutive sentences (Appellee's brief, p. 3), but the Supreme Court of Ohio has made clear that the trial court must make the findings on the record and in the judgment entry *Bonnell, supra* syllabus. Neither the transcript of the sentencing hearing nor the sentencing entry contain findings by the court that "* * * consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public * * *." (R.C. 2929.14(C) (4)).

**{¶25}** Because trial court did not make the necessary findings during the sentencing hearing and incorporate them into its sentencing entry, we find the imposition of consecutive sentences for Trafficking in Drugs in violation of R.C. 2925.03(A)(2) Improper Handling of a Firearm in a Motor Vehicle in violation of R.C. 2923.16(B) was error.

**{¶26}** The second assignment of error is well taken.

**{¶27}** The decision of the Muskingum County Court of Common Pleas is affirmed in part and reversed in part. The trial court's order that the sentences for Trafficking in Drugs in violation of R.C. 2925.03(A)(2) Improper Handling of a Firearm in a Motor Vehicle in violation of R.C. 2923.16(B) be served consecutively is reversed and this matter is remanded for further proceedings consistent with this opinion.

By: Baldwin, J.

Hoffman, P.J. and

Delaney, J. concur.