[Cite as *State v. Stotts*, 2024-Ohio-747.]

COURT OF APPEALS
MUSKINGUM COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | : | JUDGES: |
| | : | |
| | : | Hon. Patricia A. Delaney, P.J. |
| Plaintiff-Appellee | : | Hon. W. Scott Gwin, J. |
| | : | Hon. William B. Hoffman, J. |
| -vs- | : | |
| | : | Case No. CT2023-0039 |
| | : | |
| WILLIAM M. STOTTS | : | |
| | : | |
| | : | |
| Defendant-Appellant | : | O P I N I O N |


CHARACTER OF PROCEEDING:          Appeal from the Muskingum County
                                 Court of Common Pleas, Case No.
                                 CR2022-0212


JUDGMENT:                        AFFIRMED


DATE OF JUDGMENT ENTRY:          February 29, 2024


APPEARANCES:


For Plaintiff-Appellee:                    For Defendant-Appellant:

RONALD L. WELCH                            CHRIS BRIGDON
MUSKINGUM COUNTY PROSECUTOR                8138 Somerset Road
27 North Fifth St.                         Thornville, OH 43076
P.O. Box 189
Zanesville, OH 43702

*Delaney, P.J.*

{¶1} Defendant-Appellant William M. Stotts appeals from the May 15, 2023 Sentencing Judgment Entry issued by the Muskingum County Court of Common Pleas pursuant to our remand in *State v. Stotts*, 5th Dist. Muskingum No. CT2022-0064, 2023-Ohio-1411. Plaintiff-Appellee is the State of Ohio and did not appear in the instant appeal.

{¶2} Appellate counsel filed a brief pursuant to *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.E.2d 493 (1967), asserting he found no potential assignments of error having arguable merit. We have performed our duty under *Anders* to review the record independently, and we also find no potential assignments of error having arguable merit. *See, State v. Adair*, 5th Dist. Muskingum No. CT2022-0016, 2023-Ohio-1191, ¶ 20.

## FACTS AND PROCEDURAL HISTORY

{¶3}   The facts and procedural history come in part from our previous decision in *State v. Stotts*, 5th Dist. Muskingum No. CT2022-0064, 2023-Ohio-1411 ("*Stotts I*").

{¶4} Stotts was released from prison on post release control on December 24, 2021. On April 30, 2022, at approximately 3:00 a.m., Stotts was stopped by the Muskingum County Sheriff's office for a traffic violation. The officer noticed that Stotts was wearing a handgun holster and asked whether he had a firearm in the vehicle. Stotts admitted that he had a loaded gun, and when asked if there was anything illegal in the vehicle, he admitted possessing methamphetamine. After searching the vehicle, the deputy found a nine-millimeter handgun in a plastic bag with a substance that was later determined to be methamphetamine. Stotts also had $564.00 on his person. He admitted possession of the methamphetamine and the handgun and confessed that he sold drugs to his friends and that he used methamphetamine daily.

{¶5} Stotts was charged with seven offenses arising from his arrest. After plea negotiations, the State agreed to dismiss four of the counts in exchange for a plea of guilty to (1) Trafficking in Drugs, a third-degree felony in violation of R.C. 2925.03(A)(2); (2) Improper Handling of a Firearm in a Motor Vehicle, in fourth-degree felony in violation of R.C. 2923.16(B); and (3) Having a Weapon under a Disability, a third-degree felony in violation of R.C. 2923.13(A)(3). The State and Stotts also agreed to a joint recommendation of 36 months in prison.

{¶6} Stotts appeared before the court on August 22, 2022 for sentencing. After reviewing the facts, the trial court rejected the joint recommendation and imposed an aggregate sentence of 72 months, a fine of $5000, and ordered forfeiture of the firearm and the vehicle that Stotts was driving at the time of the offense. The sentencing entry was filed on August 24, 2022.

{¶7} Stotts appealed the trial court's imposition of sentence to this Court in *Stotts I*. He raised two Assignments of Error:

I. THE PROPORTIONALITY OF THE SENTENCE WAS INCONSISTENT WITH THE PRINCIPLES SET FORTH O.R.C. § 2929.11 AND FACTORS TO BE CONSIDRED(sic) IN O.R.C. § 2929.12."

II. SHOULD THIS HONORABLE COURT SHOULD (sic) VACATE THE TRIAL COURT'S DECISION TO IMPOSE CONSECUTIVE SENTENCES ON COUNTS 2-3 AND 5 BECAUSE THE CONSECUTIVE SENTENCES ARE IN CONTRAVENTION OF THE SENTENCING STATUTES.

*Id.* at ¶ 6-7.

{¶8} We denied Stotts' first Assignment of Error. In his second Assignment of Error, however, we agreed with Stotts that the trial court improperly imposed consecutive sentences pursuant to R.C. 2929.14(C)(4). Our review of the sentencing transcript and the sentencing entry showed that neither contained language that could be reasonably be interpreted as language that would satisfy the requirements of R.C. 2929.14(C)(4). *Stotts I*, at ¶ 24.

{¶9} Because trial court did not make the necessary findings during the sentencing hearing and incorporate them into its sentencing entry, we found the imposition of consecutive sentences was in error. The trial court's sentencing order as to consecutive sentences was reversed, and the matter remanded for resentencing. *Id.* at ¶ 25-27.

{¶10} The matter came on for resentencing pursuant to remand on May 15, 2023. The trial court stated at the sentencing hearing:

> The Court finds consecutive sentences are necessary to protect the public and punish this offender and consecutive sentences are not disproportionate to the seriousness of the conduct and the danger posed to the public. Additionally, your history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crimes.

(T. 11). The trial court imposed the same sentence as it did on August 24, 2022. On Count 2, Trafficking in Drugs, Stotts was ordered to serve a 36-month prison term to be served concurrently with a 12-month prison term on Count 3, Improper Handling of a Firearm in a Motor Vehicle. On Count 5, Having a Weapon While Under Disability, the trial court

imposed a 36-month prison term to be served consecutively with Counts 2 and 3, for an aggregate prison term of 72 months. The sentencing entry filed on May 15, 2023 included language pertaining to R.C. 2919.14(C)(4) and the imposition of consecutive sentences.

{¶11} It is from this May 15, 2023 sentencing entry that Stotts files his *Anders* appeal.

## ASSIGNMENTS OF ERROR

{¶12} In his *Anders* brief, Stotts' appellate counsel argues only one potential Assignment of Error may exist. He contends that because the trial court originally imposed consecutive sentences but failed to state the requisite R.C. 2929.14(C) findings, imposing consecutive sentences at resentencing could be construed as a harsher sentence.

## ANALYSIS

### Consecutive Sentences

{¶13} In *Stotts I*, this Court found that the trial court did not comply with R.C. 2929.14(C)(4) where in order to impose a consecutive sentence, the trial court is required to make findings mandated by R.C. 2929.14(C)(4) at the sentencing hearing and incorporate its findings into the sentencing entry. *Stotts I*, ¶ 23 citing *State v. Bonnell*, 140 Ohio St.3d 209, 2014-Ohio-3177, 16 N.E.3d 659, syllabus. The matter was remanded to the trial court for resentencing. The trial court conducted the resentencing hearing and imposed consecutive sentences.

{¶14} Before a trial court imposes consecutive sentences, it must make specific findings which are delineated in R.C. 2929.14(C)(4). Specifically, the trial court must find that "the consecutive service is necessary to protect the public from future crime or to punish the offender." *Id.* It must also find that "consecutive sentences are not

disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public." *Id.* Finally, the court must find at least one of the following:

(a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.

(b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.

(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

{¶15} R.C. 2953.08(G)(2) does not allow an appellate court to reverse or modify a defendant's consecutive sentences using the principles and purposes of felony sentencing as set forth in R.C. 2929.11(A) and (B) and the seriousness and recidivism factors in R.C. 2929.12. *State v. Gwynne*, 158 Ohio St.3d 279, 2019-Ohio-4761, 141 N.E.3d 169, ¶13-18. ("*Gwynne II*"); *State v. Jones*, 163 Ohio St.3d 242, 2020-Ohio-6729, 169 N.E.3d 649, ¶39; *State v. Toles*, 166 Ohio St.3d 397, 2021-Ohio-3531, 186 N.E.3d 784, ¶10.

{¶16} An appellate court can reverse or modify the trial court's order of consecutive sentences if it clearly and convincingly finds that the record does not support

the findings. The Ohio Supreme Court has recently spoken on the standard by which an appellate court should review a trial court's consecutive sentences findings. *State v. Grant*, 5th Dist. Muskingum No. CT2023-0023, 2023-Ohio-4614, 2023 WL 8716601, ¶ 23. In *State v. Gwynne*, 2023-Ohio-3851, -- N.E.3d --, ¶ 5, the Ohio Supreme Court reconsidered its prior decision in *State v. Gwynne*, 2022-Ohio-4607, -- N.E.3d --, and held that "[t]he plain language of R.C. 2953.08(G)(2) requires an appellate court to defer to a trial court's consecutive-sentence findings, and the trial court's findings must be upheld unless those findings are clearly and convincingly not supported by the record." *Grant* at ¶ 23.

{¶17} The trial court made the requisite R.C. 2929.14(C)(4) findings on the record and incorporated that language in its May 15, 2023 resentencing entry. At the resentencing hearing, the trial court also noted that Stotts had been out of prison for four months prior to his arrest and conviction. (T. 7, 9-11). Within four months of his release from prison, Stotts was using and selling methamphetamine. (T. 8, 5-9). Stotts admitted that he knew he was not allowed to possess a handgun but possessed a handgun because he was selling drugs. (T. 8-9, 11-19). The trial court reviewed Stotts' prior criminal history, which included theft in 2009, drug abuse in 2001, failure to license a dog at large, passing bad checks in 1999 and 1998, underage consumption in 1997, and juvenile burglary and theft charges. (T. 10, 3-15).

{¶18} Upon review, we find that the trial court's sentencing on the charges complies with applicable rules and sentencing statutes. The sentence was within the statutory sentencing range. We also find that the record in the case at bar supports the trial court's findings under R.C. 2929.14(C)(4).

**No arguably meritorious claims for appeal**

{¶19} In *Anders,* the United States Supreme Court held that if, after a conscientious examination of the record, a defendant's counsel concludes the case is wholly frivolous, then he should so advise the court and request permission to withdraw. *Id.* at 744. Counsel must accompany his request with a brief identifying anything in the record that could arguably support his client's appeal. *Id.* Counsel also must: (1) furnish his client with a copy of the brief and request to withdraw and (2) allow his client sufficient time to raise any matters that the client chooses. *Id.* Once the defendant's counsel satisfies these requirements, the appellate court must fully examine the proceedings below to determine if any arguably meritorious issues exist. If the appellate court also determines that the appeal is wholly frivolous, it may grant counsel's request to withdraw and dismiss the appeal without violating constitutional requirements or may proceed to a decision on the merits if state law so requires. *Id.*

{¶20} Counsel in this matter followed the procedure in *Anders* and we reviewed the merits of Stotts' potential Assignment of Error. Upon our review of the record, we found no error which would warrant a reversal of Stotts' convictions or sentence. *See, State v. Mamone*, 5th Dist. Delaware No. 22 CAC 06 0042, 2023-Ohio-1167, ¶ 37; *State v. Emery*, 5th Dist. Ashland No. 22-COA-026, 2023-Ohio-709, ¶ 21.

{¶21} The record discloses no errors prejudicial to Stotts' rights in the proceedings in the trial court. We therefore concur with appellate counsel that appellant's appeal is without merit and wholly frivolous. An appeal is wholly frivolous if the record is devoid of any legal points arguable on the merits. *State v. Middaugh*, 5th Dist. Coshocton No. 02 CA 17, 2003-Ohio-91, ¶ 13.

{¶22} In this case, the requirements in *Anders* have been satisfied. Upon our independent review of the record, we agree with counsel's conclusion that no arguably meritorious claims exist upon which to base an appeal. Hence, we find the appeal to be wholly frivolous under *Anders*, grant counsel's request to withdraw, and affirm the judgment of the Muskingum County Court of Common Pleas. *See, State v. Hill*, 5th Dist. Licking No. 15-CA-13, 2016-Ohio-1214, ¶ 20, appeal not allowed, 147 Ohio St.3d 1412, 2016-Ohio-7455, 62 N.E.3d 185.

## CONCLUSION

{¶23} The judgment of the Muskingum County Court of Common Pleas is affirmed.

By: Delaney, P.J.,

Gwin, J. and

Hoffman, J., concur.