[Cite as *State v. Baker*, 2024-Ohio-1644.]

COURT OF APPEALS
MUSKINGUM COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO, | : | JUDGES: |
| | : | Hon. Craig R. Baldwin, P.J. |
| Plaintiff - Appellee | : | Hon. W. Scott Gwin, J. |
| | : | Hon. John W. Wise, J. |
| -vs- | : | |
| | : | |
| ZACKARY BAKER, | : | Case No. CT2023-0076 |
| | : | |
| Defendant - Appellant | : | O P I N I O N |

CHARACTER OF PROCEEDING:      Appeal from the Muskingum County
Court of Common Pleas, Case No.
CR2023-0349

JUDGMENT:      Affirmed

DATE OF JUDGMENT:      April 29, 2024

APPEARANCES:

For Plaintiff-Appellee                 For Defendant-Appellant

RONALD L. WELCH                    CHRIS BRIGDON
Prosecuting Attorney                8138 Somerset Rd
Muskingum County, Ohio          Thornville, Ohio 43076

By: JOHN CONNOR DEVER
Assistant Prosecuting Attorney
Muskingum County, Ohio
27 North Fifth St., P.O. Box 189
Zanesville, Ohio 43702

*Baldwin, J.*

**{¶1}**   The appellant, Zackary Baker, appeals his sentence imposed after being found guilty of Tampering with Evidence in violation of R.C. §2921.12(A)(1). The appellee is the State of Ohio.

### STATEMENT OF THE FACTS AND THE CASE

**{¶2}**   On May 31, 2023, the appellant was indicted in Muskingum County for one count of Rape in violation of R.C. §2907.02, two counts of Gross Sexual Imposition in violation of R.C. §2907.05, one count of Disseminating Matter Harmful to Juveniles in violation of R.C. §2907.31, and one count of Tampering with Evidence in violation of R.C. §2921.12(A)(1).

**{¶3}**   On August 15, 2023, the matter proceeded to a jury trial.

**{¶4}**   On August 16, 2023, the jury returned a verdict of guilty on the count of Tampering with Evidence in violation of R.C. §2921.12(A)(1) and not guilty on the remaining counts.

**{¶5}**   On October 2, 2023, the trial court held a hearing on sentencing. At the sentencing hearing, the minor victim and accompanying family were present. He received the victim impact statement on how conviction on the Tampering with Evidence charge has affected both the child and the child's family.

**{¶6}**   At the hearing, the State advocated for the maximum sentence as the appellant's tampering with evidence hampered the effective prosecution of the case.

{¶7}    The appellant's counsel then argued that the appellant is twenty-four years old, has no criminal record, is gainfully employed, has two children, and had no issues while out on bond. Counsel then asked for community control.

{¶8}    The trial court noted that the appellant instructed the victim to delete internet posts. He was in a position of trust with the victim, the victim was thirteen years old at the time and the family indicated he had been harmed.

{¶9}    The trial court then sentenced the appellant to thirty-six months in prison.

{¶10}   The appellant timely filed a notice of appeal and raised the following Assignment of Error:

{¶11}   "I. THE PROPORTIONALITY OF THE SENTENCE WAS INCONSISTENT WITH THE PRINCIPLES SET FORTH O.R.C. §2929.11 AND FACTORS TO BE CONSIDERED IN O.R.C. §2929.12."

**STANDARD OF REVIEW**

{¶12}   A court reviewing a criminal sentence is required by R.C. §2953.08(F) to review the entire trial court record, including any oral or written statements and presentence investigation reports. R.C. §2953.08(G)(2) provides we may either increase, reduce, modify, or vacate a sentence and remand for resentencing where we clearly and convincingly find that either the record does not support the sentencing court's findings under R.C. §2929.13(B) or (D), 2929.14(B)(2)(e) or (C)(4), or 2929.20(I), or the sentence is otherwise contrary to law. See, also, *State v. Bonnell*, 140 Ohio St.3d 209, 2014-Ohio-3177, 16 N.E.2d 659, ¶28.

{¶13}   "Clear and convincing proof is that measure or degree of proof which is more than a mere 'preponderance of the evidence,' but not to the extent of such certainty

as is required 'beyond a reasonable doubt' in criminal cases, and which will produce in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established." *Cross v. Ledford*, 161 Ohio St. 469, 120 N.E.2d 118 (1954), paragraph three of the syllabus.

**{¶14}** A sentence is not clearly and convincingly contrary to law where the trial court "considers the principles and purposes of R.C. 2929.11, as well as the factors listed in R.C. 2929.12, properly imposes post release control, and sentences the defendant within the permissible statutory ranges." *State v. Morris*, 5th Dist. Ashland No. 20-COA-015, 2021-Ohio-2646, ¶90 quoting *State v. Dinka*, 12th Dist. Warren Nos. CA 2019-03-022 and CA2019-03-026, 2019-Ohio-4209, ¶36.

**{¶15}** The trial court must consider the purposes and factors contained in R.C. §2929.12, but this Court has held that when the transcript of "the sentencing hearing is silent as to whether the trial court considered the factors in R.C. 2929.11 and 2929.12" a presumption arises "that a trial court considered the factors contained in R.C. 2929.12." *State v. Hannah*, 5th Dist. Richland No. 15-CA-1, 2015-Ohio-4438, ¶13. *Accord State v. Tenney*, 11th Dist. Ashtabula No. 2009-A-0015, 2010-Ohio-6248, ¶14 and *State v. Crawford*, 5th Dist. Muskingum No. CT2021-0059, 2022-Ohio-3125, ¶18.

## ANALYSIS

**{¶16}** In the first Assignment of Error, the appellant argues the proportionality of the sentence was inconsistent with the principles set forth in R.C. §2929.11 and factors to be considered in R.C. §2929.12. We disagree.

**{¶17}** This Court may modify the appellant's sentence only if it "clearly and convincingly finds that either the record does not support the sentencing court's findings

under R.C. 2929.13(B) or (D), 2929.14(B)(2)(e) or (C)(4), or 2929.20(I), or the sentence is otherwise contrary to law." The appellant does not argue that R.C. 2929.13(B) or (D), 2929.14(B)(2)(e) or (C)(4), or 2929.20(I) apply, so we are restricted to consideration of whether the sentence is otherwise contrary to law.

{¶18} The sentence imposed by the trial court is within the statutory guidelines, and the appellant does not assert a position to the contrary. Instead, he argues the minimum sanctions to achieve the purpose of R.C. §2929.11 contradicted the sentence received and that the court failed to adequately consider mitigating factors such as the appellant being employed, married with two children, and having no criminal history. The Supreme Court of Ohio has made clear that R.C. §2953.08(G)(2) does not permit "an appellate court to modify or vacate a sentence based on its view that the sentence is not supported by the record under R.C. 2929.11 and R.C. 2929.12" *State v. Jones*, 163 Ohio St.3d 242, 2020-Ohio-6729, 169 N.E.3d 649. For that reason, our authority to modify the sentence would arise only if the appellant demonstrates by clear and convincing evidence that the sentence is "otherwise contrary to law."

{¶19} Baker relies on the Supreme Court of Ohio's decision in *State v. Hairston*, 118 Ohio St.3d 289, 2008-Ohio-2338, 888 N.E.2d 1073 in which the defendant was subject to an aggregate sentence of 134 years and complained that the sentence "is shocking to a reasonable person and to the community's sense of justice and thus is grossly disproportionate to the totality of his crimes." *Id.* at ¶15. The Court found that "[b]ecause the individual sentences imposed by the court are within the range of penalties authorized by the legislature, they are not grossly disproportionate or shocking to a reasonable person or to the community's sense of justice * * *." *Id.* at ¶23.

**{¶20}** We reach the same conclusion in the case *sub judice* as the appellant's term is within the statutory range and thus cannot be found to be grossly disproportionate or shocking to a reasonable person or to the community's sense of justice. We also find the sentence is not otherwise contrary to law.

**{¶21}** Accordingly, the appellant's sole Assignment of Error is overruled.

### CONCLUSION

**{¶22}** For the forgoing reasons, the judgment of the Court of Common Pleas of Muskingum County, Ohio, is hereby affirmed.

By: Baldwin, J.

Gwin, P.J. and

Wise, John, J. concur.