[Cite as *State v. Brown*, 2023-Ohio-3536.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
LUCAS COUNTY

State of Ohio                                            Court of Appeals No.  L-22-1180

      Appellee                                      Trial Court No.  CR0202102740

v.

Jacob Brown                                          **DECISION AND JUDGMENT**

      Appellant                                     Decided:  September 29, 2023

* * * * *

Julia R. Bates, Lucas County Prosecuting Attorney, and
Brenda J. Majdalani, Assistant Prosecuting Attorney, for appellee.

Anthony J. Richardson, II, for appellant.

* * * * *

**DUHART, J.**

{¶ 1} This is an appeal filed by appellant, Jacob Brown, from the July 5, 2022 judgment of the Lucas County Court of Common Pleas.  For the reasons that follow, we reverse the judgment, and remand the matter.

{¶ 2} Brown sets forth three assignments of error:

1. The trial court committed error by improperly leading appellant to enter into a
   seemingly promised plea deal.

2.  The trial court committed error by sentencing appellant for abduction when no factual basis was supplied and the facts given reflect one animus.

3.  The trial court committed error by imposing discretionary costs without there being support that appellant has or had the means to pay.

**Background**

{¶ 3} Between September 1 and October 19, 2021, certain events occurred in Lucas County, Ohio, which led to Jacob Brown being arrested. On October 28, 2021, Brown was indicted on: Count 1 - felonious assault, a second-degree felony; Count 2 - abduction, a third-degree felony; Count 3 - domestic violence, a fourth-degree felony; and Count 4 - failure to comply with the signal of a police officer, a third-degree felony.

{¶ 4} On November 8, 2021, an arraignment hearing was held; the trial court referred Brown "for evaluation of NGRI- [not guilty by reason of insanity] * * * & Competency." Following the evaluation, a hearing was held, in mid-December of 2021, and Brown was found not competent to stand trial. The court referred Brown to a treatment facility for competency restoration. In early February 2022, another hearing was held and the court found that Brown was competent to stand trial. Thereafter, the case proceeded and plea negotiations were conducted.

{¶ 5} On June 16, 2022, a plea hearing was held. Defense counsel indicated that Brown would enter a plea of guilty, pursuant to *North Carolina v. Alford*, 400 U.S. 25, 91

2.

S.Ct. 160, 27 L.Ed.2d 162 (1970),[1] to Counts 2, 3 and 4, and at the time of sentencing, the state would request that Count 1 be dismissed. In addition, counsel noted the state would not object to the imposition of concurrent sentences for Counts 2 and 3.

{¶ 6} During its colloquy, the trial court reviewed with Brown, at great length, the plea agreement and discussed the recommendation that the court impose concurrent sentences for Counts 2 and 3. The court stated, "I'll tell you here and now that * * * I agreed that I would accept that recommendation." Later, the court said, "I've told you that I'll make Counts 2 and 3 concurrent." The state then offered factual bases for the pleas, which the court found sufficient.

{¶ 7} The court accepted Brown's pleas, and found Brown had made a knowing, intelligent and voluntary decision to tender guilty pleas, pursuant to *Alford*, on Counts 2, 3 and 4. The court ordered a presentence investigation report.

{¶ 8} On June 30, 2022, a sentencing hearing was held, and the court entered a nolle prosequi of Count 1. The court then imposed the following prison terms on Brown: Count 2 - 30 months, Count 3 - 17 months, and Count 4 - 30 months. The court ordered that all of the counts be served consecutively, for a total of 77 months of incarceration. Brown appealed.

---

[1] By entering an "*Alford* plea," a defendant pleads guilty yet maintains actual innocence of the charge.

3.

## First Assignment of Error

{¶ 9} Brown seeks to have his sentences vacated and the case remanded so he can withdraw his guilty pleas. Brown argues the trial court committed error by improperly leading him to enter into a seemingly promised plea agreement, and the court failed to properly inform him before he entered his guilty pleas. Brown notes that he was sentenced to 77 months of prison time, and claims the court confused him when it clearly indicated, several times, that Counts 2 and 3 would run concurrently. Brown insists that he would not have entered into the pleas had he had a better understanding.

{¶ 10} The state concedes error and urges this court to sustain Brown's first assignment of error, vacate Brown's convictions and sentences, and remand the matter.

## Law

{¶ 11} Crim.R. 11 governs, inter alia, guilty pleas and colloquies, and ensures a defendant understands that by pleading guilty, he or she is waiving specific constitutional rights. *State v. Barnes*, Slip Opinion No. 2022-Ohio-4486, ¶ 15. Crim.R. 11(C) provides that when a defendant pleads guilty, he or she must make the plea knowingly, intelligently and voluntarily. *Id.* When a reviewing court assesses the voluntariness of a plea, any participation by the trial court in the plea-bargaining process must be carefully scrutinized. *State v. Byrd*, 63 Ohio St.2d 288, 407 N.E.2d 1384 (1980), syllabus.

{¶ 12} A trial court does not err when it imposes a prison sentence greater than that recommended by the state under a negotiated plea agreement, so long as the court forewarns the defendant of the applicable penalties, including the possibility of imposing

4.

a longer prison sentence than that recommended by the state. *State v. Cruz*, 6th Dist. Erie No. E-21-057, 2022-Ohio-3356, ¶ 17. However, "[a] guilty plea, if induced by promises or threats which deprive it of the character of a voluntary act, is void." *Machibroda v. United States*, 368 U.S. 487, 493, 82 S.Ct. 510, 7 L.Ed.2d 473 (1962). *See also State v. Milanovich*, 42 Ohio St.2d 46, 49, 325 N.E.2d 540 (1975) and *State v. Allen*, 6th Dist. Sandusky No. S-09-004, 2009-Ohio-3799, ¶16. Moreover, when a trial court fails to ensure that a defendant's plea has been entered knowingly, voluntarily and intelligently, the plea is unconstitutional. *State v. Engle*, 74 Ohio St.3d 525, 527, 660 N.E.2d 450 (1996). In such a case, the cause is remanded with instructions to the trial court that the defendant be given the opportunity to withdraw the plea and proceed to trial. *Id.* at 528.

**Analysis**

{¶ 13} Upon review, the record is clear that at the plea hearing, the trial court promised Brown concurrent sentences as to Counts 2 and 3, which promise was definite and certain. Nonetheless, without notice or warning, the court imposed consecutive sentences for those counts. The state concedes the error.

{¶ 14} We find that Brown's guilty pleas were induced by the trial court's promise of concurrent sentences for Counts 2 and 3, and the trial court erred when it failed to impose the promised sentences. We further find that Brown's guilty pleas were not voluntary, and are unconstitutional and void. We therefore remand this cause to the trial court with instructions that Brown be given the opportunity to withdraw his pleas and proceed to trial. Accordingly, Brown's first assignment of error is well-taken.

5.

**{¶ 15}** Given our resolution of the first assignment of error, we find Brown's second and third assignments of error moot.

### Conclusion

**{¶ 16}** The July 5, 2022 judgment of the Lucas County Court of Common Pleas is reversed, and this cause is remanded for further proceedings consistent with this opinion. The state is ordered to pay the costs of this appeal.

Judgment reversed
and cause remanded.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.


Thomas J. Osowik, J. _____

                                  _____
                                               JUDGE

Myron C. Duhart, P.J. _____

                                    _____
Charles E. Sulek, J. _____                                               JUDGE
CONCUR.

                                    _____
                                             JUDGE

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions. Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.supremecourt.ohio.gov/ROD/docs/.