[Cite as *State v. Chapman*, 2024-Ohio-1508.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
SANDUSKY COUNTY

State of Ohio                                              Court of Appeals No. S-23-022

      Appellee                                       Trial Court No.  22-CR-1088

v.

Kevin S. Chapman                                 **DECISION AND JUDGMENT**

      Appellant                                      Decided: April 19, 2024

* * * * *

Beth A. Tischler, Sandusky County Prosecuting Attorney, and
Alexis M. Otero, Assistant Prosecuting Attorney, for appellee.

Tyler Naud Jechura, for appellant.

* * * * *

**SULEK, P.J.**

{¶ 1} Appellant, Kevin Chapman, appeals the Sandusky County Court of Common Pleas' July 10, 2023 judgment entry which, following guilty pleas to aggravated robbery and receiving stolen property, sentenced him to an indefinite prison term of 8 to 12 years. For the reasons that follow, the trial court's judgment is affirmed.

## I. Facts and Procedural Background

**{¶ 2}** On January 6, 2023, the Sandusky County Grand Jury indicted Chapman on one count of aggravated robbery in violation of R.C. 2911.01(A)(1) and (C), a first-degree felony, two counts of receiving stolen property in violation of R.C. 2913.51(A) and (C), fifth-degree felonies, and one count of tampering with evidence in violation of R.C. 2921.12 (A)(1) and (B), a third-degree felony. Chapman initially pleaded not guilty.

**{¶ 3}** Chapman subsequently entered into a plea agreement with the state and pleaded guilty to aggravated robbery and one count of receiving stolen property. In exchange for his plea, the state agreed to dismiss the remaining counts and recommend a six-year prison sentence on the charges.

**{¶ 4}** At the plea hearing, the state informed the court of the plea agreement. Prior to accepting Chapman's plea, the trial court engaged in a Crim.R. 11 plea colloquy during which Chapman indicated that no threats or promises had been made in exchange for his plea. It stated that it was not bound by the state's sentencing recommendation. The court informed Chapman that the aggravated robbery charge had mandatory minimum and maximum prison terms of 3 to 11 years, that the longest maximum minimum term would be 11 years, and the longest possible maximum term was 16 and 1/2 years. The court explained:

> THE COURT: Do you understand that the minimum term imposed will be mandatory time, and that there is a presumption of release at the expiration of the minimum term. If we use the State's recommendation of

2.

six years as an example only, the six years would then have what we used to call a tail, but an indefinite portion of the sentence of six to nine.

The trial court then stated that for the fifth-degree felony he was subject to a prison term of 6 to 12 months. Chapman indicated that he understood the potential penalties. This was reflected in the signed plea form.

{¶ 5} On the July 10, 2023, Chapman was sentenced to a concurrent sentence of 8 to 12 years in prison for aggravated robbery and 12 months in prison for receiving stolen property. This appeal followed.

## II. Assignment of Error

I. The trial court err[ed] when accepting the plea of the defendant. The plea was not knowing, intelligent, or voluntary when the defendant enters into a plea based on a sentencing recommendation that is less than the mandatory minimum sentence.

## III. Analysis

{¶ 6} Where a trial court fails to ensure that a defendant's plea has been entered knowingly, voluntarily and intelligently, the plea is unconstitutional. *State v. Brown*, 2023-Ohio-3536, ¶ 12 (6th Dist.), citing *State v. Engle*, 74 Ohio St.3d 525, 527 (1996); Crim.R. 11(C). Relevantly, under Crim.R. 11(C)(2)(a), the court must determine that "the defendant is making the plea voluntarily with understanding of the nature of the charges and the maximum penalty involved." Regarding negotiated plea agreements,

3.

[a] trial court does not err when it imposes a prison sentence greater than that recommended by the state under a negotiated plea agreement, so long as the court forewarns the defendant of the applicable penalties, including the possibility of imposing a longer prison sentence than that recommended by the state.

*Brown* at ¶ 12, citing *State v. Cruz*, 2022-Ohio-3356, ¶ 17 (6th Dist.).

{¶ 7} In his sole assignment of error, Chapman argues that the court erred in sentencing him to an eight-year mandatory term where the parties agreed that the state would recommend a six-year prison term. As set forth above, the state did, in fact, recommend a six-year prison term which the court was not required to follow. Chapman's argument that the offense's minimum mandatory term was eight years is erroneous. As stated by the trial court at the plea hearing, the sentencing range for aggravated robbery is a mandatory minimum of 3 to 11 years. *See* R.C. 2929.14(A)(1)(a). The court sentenced Chapman to a mandatory minimum of 8 years and a maximum of 12 years.

{¶ 8} Because Chapman was informed under Crim.R. 11(C) of the maximum penalties he faced and the fact that the court was not required to follow the state's sentencing recommendation, his guilty plea was knowing, intelligent, and voluntary. Chapman's assignment of error is not well-taken.

4.

## IV. Conclusion

{¶ 9} For the foregoing reasons, the judgment of the Sandusky County Court of Common Pleas is affirmed. Chapman is ordered to pay the costs of this appeal pursuant to App.R. 24.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Thomas J. Osowik, J.                _____
                                             JUDGE

Gene A. Zmuda, J.

                                          _____
Charles E. Sulek, P.J.                              JUDGE
CONCUR.

                                          _____
                                             JUDGE

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions. Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at:
http://www.supremecourt.ohio.gov/ROD/docs/.