[Cite as *State v. Gibson*, 2025-Ohio-309.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
LUCAS COUNTY

State of Ohio                                    Court of Appeals No.  L-24-1042

    Appellee                              Trial Court No.  CR0202301536

v.

Le Keea Gibson                          **DECISION AND JUDGMENT**

    Appellant                             Decided:  January 31, 2025

* * * * *

Julia R. Bates, Lucas County Prosecuting Attorney, and
Lorrie J. Rendle, Assistant Prosecuting Attorney, for appellee.

Lawrence A. Gold, for appellant.

* * * * *

**ZMUDA, J.**

## I.  Introduction

**{¶ 1}** Appellant, Le Keea Gibson, appeals the January 24, 2024 judgment of the

Lucas County Court of Common Pleas finding her guilty of felonious assault and

sentencing her to a prison term of four to six years.  Appellant has raised a single

assignment of error relating to her sentence.  For the reasons that follow, we find

appellant's assignment of error not well-taken and affirm the judgment of the trial court.

## II. Facts and Procedural History

{¶ 2} On April 11, 2023, appellant was indicted by a grand jury in the Lucas County Court of Common Pleas in case No. CR 202301536-000 on a single count of felonious assault in violation of R.C. 2903.11(A)(1) and 2903.11(D), a second-degree felony.

{¶ 3} The charge in this case was the result of an incident on March 24, 2023 in Lucas County. On that date, appellant and the victim, who were long-standing friends, were at appellant's home and appellant was ironing clothes. The two began arguing, and in an ensuing altercation, appellant struck the victim with the hot iron, leaving a bleeding iron-shaped burn on the victim's face.

{¶ 4} Appellant initially pled not guilty to the charge in the indictment, but she later entered into a written plea agreement with the state. Under the plea agreement, appellant agreed to plead guilty to the charge as indicted and the state agreed to recommend a sentence maximum of three years in addition to, at the appropriate time, not objecting to judicial release to include a period of treatment.

{¶ 5} At appellant's plea hearing on November 28, 2023, the trial court engaged in a plea colloquy pursuant to Crim.R. 11, which included the following exchange:

> THE COURT: You've reached an agreement with the State of Ohio. At the time of sentencing they are going to recommend a sentencing cap of three years, and at the appropriate time if you file a motion for judicial release under the conditions that you not accumulate additional charges while incarcerated, the victim has no objection, the State will not object to judicial release to include a period of treatment. Is that the agreement you've reached with the State of Ohio?
>
> [APPELLANT]: Yes.

2.

THE COURT Any other threats or promises been made to you to get you to enter into this plea?

[APPELLANT]: I just want to apologize to the Court and – no sir.

THE COURT: Okay. Has anyone told you that I have promised a sentence?

[APPELLANT]: No.

The court also reviewed the minimum and maximum sentences appellant could face as a result of her conviction, and the court ordered the preparation of a presentence investigation report.

{¶ 6} The trial court held a sentencing hearing on January 23, 2024. At the hearing, the appellant requested that the court impose community control, or in the alternative, incarceration at a correctional treatment facility. Pursuant to the plea agreement, the state recommended that the court impose a sentence of three years and asserted that it would not object to judicial release at the appropriate time under certain conditions, including that judicial release should include a period of treatment.

{¶ 7} The court heard statements from the victim and the appellant and reviewed photographs of the victim's injuries. The court also reviewed the presentence investigation report and noted that appellant was convicted of disorderly conduct while on bond for this case. Following a discussion of appellant's criminal history and substance addictions, the court reviewed the seriousness of the offense, including that the victim suffered a permanent disfigurement. Based on those factors, the court imposed a period of incarceration of four to six years, which was greater than the state's

3.

recommended sentence. The court did accept the state's recommendation to consider a timely motion for judicial release.

{¶ 8} On January 24, 2024, the court issued a judgment entry of sentencing reflecting the events of the sentencing hearing. In the introduction, the entry stated that the court "considered the record, oral statements, any victim impact statement and presentence report prepared, as well as the principles and purposes of sentencing under R.C. 2929.11 and has balanced the seriousness, recidivism and other relevant factors under R.C. 2929.12." The sentencing entry then imposed the sentences as ordered by the court in the sentencing hearing.

### III. Assignments of Error

{¶ 9} On appeal, appellant challenges the sentence imposed by the trial court as follows:

> The trial court abused its discretion by sentencing Appellant in excess of the recommendation made by the State of Ohio.

### IV. Law and Analysis

{¶ 10} In support of her assignment of error, appellant contends that the trial court abused its discretion in imposing a sentence greater than the state's recommendation because the trial court "never directly or specifically stated" that it was not bound to follow the state's sentence recommendation.

{¶ 11} Appellant further asserts that she "does not contest that her plea of guilty was entered knowing[ly], intelligently, and voluntarily, or that the trial court failed to comport with the requirements of Crim.R. 11 at the time of her plea hearing. Appellant is

4.

not arguing that her guilty plea was unconstitutional." This assertion is perplexing in light of the single case, *State v. Brown*, 2023-Ohio-3536 (6th Dist.), appellant cited in support of her argument. *Brown* is not only factually distinguishable from the instant case—unlike in this case, the trial court in *Brown* promised to impose the sentence set forth in the plea agreement before the guilty plea was entered—but also involved the very issue—whether the defendant's guilty plea was unconstitutional—that appellant expressly denies contesting. *Brown* at ¶ 14. Nonetheless, because appellant has expressly denied challenging her plea, we must limit our analysis to appellant's contention that the trial court abused its discretion in imposing a sentence of a greater length than the state's recommendation.

{¶ 12} R.C. 2953.08(G)(2) contains the sole basis for appellate review of felony sentences. *State v. Marcum*, 2016-Ohio-1002, ¶ 21. R.C. 2953.08(G)(2) provides as follows:

> The appellate court may increase, reduce, or otherwise modify a sentence that is appealed under this section or may vacate the sentence and remand the matter to the sentencing court for resentencing. *The appellate court's standard for review is not whether the sentencing court abused its discretion.* The appellate court may take any action authorized by this division if it clearly and convincingly finds either of the following:
>
> (a) That the record does not support the sentencing court's findings under division (B) or (D) of section 2929.13, division (B)(2)(e) or (C)(4) of section 2929.14, or division (I) of section 2929.20 of the Revised Code, whichever, if any, is relevant;
>
> (b) That the sentence is otherwise contrary to law.

(emphasis added). Accordingly, we cannot review a felony sentence for an abuse of discretion. *See State v. Glover*, 2024-Ohio-5195, ¶ 44. *See also State v. Newell*, 2024-

5.

Ohio-939, ¶ 26-27 (10th Dist.), citing *State v. D.H.*, 2019-Ohio-1017, ¶ 21 (10th Dist.) (holding that an appellate court could not review a trial court's imposition of a sentence that exceeded the state's recommended sentence under an abuse of discretion standard and therefore overruling the appellant's assignment of error).

{¶ 13} Moreover, even if appellant had cited the appropriate standard of review for a felony sentence, her argument would not support reversal. For a successful challenge to a felony sentence, we must find, clearly and convincingly, either that the record does not support certain findings made by the trial court or that the sentence is otherwise contrary to law. R.C. 2953.08(G)(2). "[T]he burden is on the appellant to identify clear and convincing evidence in the record that their sentence was erroneously imposed." *State v. Orzechowski*, 2021-Ohio-985, ¶ 7 (6th Dist.).

{¶ 14} Here, appellant does not allege that the trial court's findings were not supported by the record under R.C. 2953.08(G)(2)(a). She also has not identified how her sentence would otherwise be contrary to law under R.C. 2953.08(G)(2)(b). The phrase "otherwise contrary to law" simply means " 'in violation of statute or legal regulations at a given time.' " *State v. Goode*, 2023-Ohio-863, ¶ 6 (6th Dist.), quoting *State v. Bryant*, 2022-Ohio-1878, ¶ 22, quoting *State v. Jones*, 2020-Ohio-6729, ¶ 34.

{¶ 15} Appellant's assertion that the trial court failed to tell her explicitly that it was not bound to follow the sentencing recommendation, even if true, does not make her sentence contrary to law. Ohio courts have repeatedly held that unless the trial court has joined a plea agreement, the trial court is not bound by the agreement. *State v. Boswell*, 2019-Ohio-2949, ¶ 31-32 (6th Dist.). Where the state has merely agreed to recommend a

6.

certain sentence, the trial court has the discretion to reject the state's recommendation and impose a different sentence. *State v. Vargyas*, 2021-Ohio-3383, ¶ 19 (6th Dist.). *See also State v. Mayle*, 2004-Ohio-2203, ¶ 4 (11th Dist.), citing *State v. Rink*, 2003-Ohio-4097, ¶ 5 (6th Dist.) (citation omitted) ("It is well-established that a court is not bound to accept the prosecution's recommended sentence as part of a negotiated plea agreement.").

{¶ 16} Further, appellant does not explain how her argument squares with her own request at the sentencing hearing for a sentence different from that in the plea agreement. Indeed, appellant's request demonstrates that she understood that the sentence in the plea agreement was merely a recommendation that the trial court was not bound to impose. Given that trial courts are not bound to impose state-recommended sentences—which her own request for a different sentence than the recommendation underscores—appellant has not articulated how her sentence could be otherwise contrary to law. *See State v. Stotts*, 2023-Ohio-1411, ¶ 14-16 (5th Dist.) (holding that the appellant's sentence was not contrary to law where trial court imposed a greater sentence than the state's recommendation). *See also State v. Benjamin*, 2022-Ohio-427, ¶ 21, fn. 3 (12th Dist.) (explaining that defendant's request for a different sentence than the state's recommendation contained in the plea agreement further supported that the plea agreement contained a non-binding recommendation that the trial court did not have to impose).

{¶ 17} Appellate courts cannot "formulate legal arguments on behalf of the parties, because appellate courts do not sit as self-directed boards of legal inquiry and research, but preside essentially as arbiters of legal questions presented and argued by the

7.

parties before them." (Cleaned up) *Risner v. Ohio Dept. of Nat. Resources, Ohio Div. of Wildlife*, 2015-Ohio-3731, ¶ 28. Because appellant does not challenge her plea and she has failed to raise any legal arguments that would enable us to take an action under R.C. 2953.08(G)(2), we affirm the trial court's sentence. Accordingly, appellant's assignment of error is not well-taken.

### V. Conclusion

{¶ 18} Appellant's assignment of error is overruled. We affirm the January 24, 2024 judgment of the Lucas County Court of Common Pleas. Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Christine E. Mayle, J.           _____
                                                               JUDGE

Gene A. Zmuda, J.           

Charles E. Sulek, P.J.          _____
CONCUR.                                                         JUDGE

_____
                                                              JUDGE

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions. Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.supremecourt.ohio.gov/ROD/docs/.