[Cite as *State v. Nation*, 2026-Ohio-2003.]

IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
MIAMI COUNTY

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | C.A. No. 2025-CA-46 |
| Appellee | : | |
| | : | Trial Court Case No. 25CR171 |
| v. | : | |
| | : | (Criminal Appeal from Common Pleas |
| SAMUEL S. NATION | : | Court) |
| | : | |
| Appellant | : | **FINAL JUDGMENT ENTRY &** |
| | : | **OPINION** |

. . . . . . . . . . .

Pursuant to the opinion of this court rendered on May 29, 2026, the judgment of the trial court is affirmed.

Costs to be paid as stated in App.R. 24.

Pursuant to Ohio App.R. 30(A), the clerk of the court of appeals shall immediately serve notice of this judgment upon all parties and make a note in the docket of the service. Additionally, pursuant to App.R. 27, the clerk of the court of appeals shall send a certified copy of this judgment, which constitutes a mandate, to the clerk of the trial court and note the service on the appellate docket.

For the court,

_____
ROBERT G. HANSEMAN, JUDGE

LEWIS, P.J., and EPLEY, J., concur.

CHRISTOPHER BAZELEY, Attorney for Appellant
BAILEY J. ARNETT, Attorney for Appellee

HANSEMAN, J.

{¶ 1} Defendant-appellant Samuel S. Nation appeals from a judgment of the Miami County Common Pleas Court that imposed a 48-month aggregate prison sentence after his guilty pleas to gross sexual imposition and attempted corrupting another with drugs, both felonies of the third degree. Nation claims his sentence is contrary to law, and he appeals requesting a reduction in his sentence. As we explain below, the judgment of the trial court is affirmed.

## I.      Facts and Course of Proceedings

{¶ 2} Over a weekend in June 2025, then-26-year-old Nation gave his 15-year-old relative mushrooms, and while his relative was impaired, performed fellatio on him. A few days later, Nation voluntarily went to the Piqua Police Department and self-reported the event.

{¶ 3} On July 2, 2025, Nation waived his right to a preliminary hearing. The next week, on July 10, 2025, Nation waived his right to indictment and voluntarily pleaded guilty by bill of information to one count of gross sexual imposition ("GSI") in violation R.C. 2907.05(A)(2) and one count of attempted corrupting another with drugs in violation of 2925.02(A)(1).[1] The agreement to plea to reduced charges was approved by the victim. Both offenses were felonies of the third degree. Since Nation did not have an adult criminal record, neither

---

[1] The original charges were rape, a felony of the first degree, corrupting another with drugs, a felony of the second degree, and GSI, a felony of the third degree.

offense carried with it a mandatory prison term or a presumption of prison. There was no agreement as to the sentence, and the trial court informed Nation that even if his counsel or the State made a sentencing recommendation, the court was not bound to accept it and could impose prison terms.

{¶ 4} After the plea hearing, the trial court ordered a presentence investigation ("PSI") and granted Nation's request for a psychosexual evaluation. After receiving a full PSI report and a psychosexual evaluation completed by Ronald L. DeLong, Ph.D. ("Dr. DeLong"), the trial court held a sentencing hearing on September 23, 2025.

{¶ 5} At the sentencing hearing, the trial court marked the PSI as Court's Exhibit I and noted that it reviewed several letters from Nation's family, including the victim, which were attached. Each letter requested some form of treatment for Nation and not a prison sentence. The recommendation of Dr. DeLong was also that treatment was the most viable option for Nation's future success.

{¶ 6} Prior to sentencing, the State requested a sentence for sex offender treatment in a lock-down facility to be consistent with the victim's request for treatment. Nation's counsel also made a statement and requested a sentence of community control sanctions ("CCS") with a treatment requirement to be consistent with Dr. DeLong's recommendation and the victim's request. During his statement to the court, Nation expressed feelings of shame and disgust in himself and told the court he failed his relative and took complete responsibility over his actions. The court imposed a 48-month prison sentence on GSI and a 30-month prison sentence on attempted corrupting another with drugs and ordered the terms to be served concurrently.

{¶ 7} In ordering the prison sentences, the trial court found Nation was not amenable to CCS and stated on the record that it considered the purposes and principals of sentencing

3

in R.C. 2929.11 and the seriousness and recidivism factors in R.C. 2929.12. Specific to the seriousness factors, the trial court found no factors that made Nation's conduct less serious than conduct normally constituting the offense. On the other hand, the court found that the victim suffered serious psychological harm that was exacerbated by the victim's young age. The court also noted that Nation held a position of trust with the victim, as the victim is Nation's younger relative. As for whether Nation was more likely to commit future crimes, the trial court found that he had a pattern of drug abuse, which had not been properly acknowledged and which facilitated the offense, and that he did not demonstrate genuine remorse. Regarding the application of any factor showing that Nation was not likely to commit future crimes, the court found that Nation lacked any adult criminal history.

{¶ 8} On December 22, 2025, Nation filed a motion to file a delayed appeal, specifically requesting a reduction in his sentence by this court. In the docket statement, Nation stressed that the sentence was in excess of the recommendations of the State, the victim, and Dr. DeLong. We granted Nation's motion on January 8, 2026. Nation's appellant's brief followed on February 27, 2026. In his sole assignment of error Nation claims:

THE TRIAL COURT ERRED WHEN IT REJECTED NATION'S REQUEST FOR COMMUNITY CONTROL WITH RESIDENTIAL TREATMENT.

II.     Standard of Review

{¶ 9} Before we turn to Nation's argument, we must first address our standard of review. While an appellate court is statutorily authorized by R.C. 2953.08 to review sentencing appeals, appellate courts are prohibited from applying an abuse of discretion standard of review. R.C. 2953.08(G)(2); *State v. Marcum*, 2016-Ohio-1002, ¶ 10.

4

{¶ 10} R.C. 2953.08(G)(2) does not allow an appellate court to modify or vacate a sentence based on its view that the sentence is not supported by the record under R.C. 2929.11 and 2929.12. *State v. Jones*, 2020-Ohio-6729, ¶ 31, 39. Stated another way, an appellate court may not modify or vacate a sentence by reweighing the seriousness and recidivism factors of R.C. 2929.12 or by concluding the record does not support the sentence under R.C. 2929.11 and 2929.12. *See State v. Webb*, 2024-Ohio-4711, ¶ 15 (2d Dist.), quoting *Jones* at ¶ 31; R.C. 2953.08(G)(2).

{¶ 11} Instead, we are bound to follow R.C. 2953.08(G)(2), which provides that "[t]he appellate court may increase, reduce, or otherwise modify a sentence that is appealed under this section or may vacate the sentence and remand the matter to the sentencing court for resentencing . . . [only] if it clearly and convincingly finds either" that "[1] the record does not support the sentencing court's findings under [certain enumerated statutory provisions]"[2] or "[2] the sentence is otherwise contrary to law." R.C. 2953.08(G)(2)(a) and (b). R.C. 2929.11 are 2929.12 absent from of the statutory provisions enumerated under R.C. 2953.08(G)(2)(b), so an appellate court may not review a sentencing court's findings under either statute.

{¶ 12} The term "contrary to law" means "'in violation of statute or legal regulations at a given time.'" *Jones* at ¶ 34, quoting *Black's Law Dictionary* (6th Ed. 1990). "'A sentence is contrary to law when it falls outside the statutory range for the offense or if the sentencing court does not consider R.C. 2929.11 and 2929.12.'" *State v. Burt*, 2025-Ohio-1758, ¶ 24 (2d Dist.), quoting *State v. Bartley*, 2023-Ohio-2325, ¶ 9 (2d Dist.), citing *State v. Dorsey*, 2021-Ohio-76, ¶ 18 (2d Dist.).

---

[2] We note that the provisions are R.C. 2929.13(B) or (D), R.C. 2929.14(B)(2)(e) or (C)(4), and R.C. 2929.20(I) and that none of these enumerated statutory provisions are relevant to Nation's offenses or sentences.

### III. Discussion

**{¶ 13}** Nation argues the trial court erred in failing to grant him CCS with a requirement that he complete treatment when it recognized his lack of adult criminal history and heard the recommendations of the State, victim, and Dr. DeLong, who all supported treatment. However, to the extent Nation requests that we reweigh the seriousness and recidivism factors contained in R.C. 2929.12, we are prohibited from doing so. *State v. Jones*, 2020-Ohio-6729.

**{¶ 14}** "'[W]hen making a felony sentencing decision, a trial court must consider the R.C. 2929.11 purposes of felony sentencing and the R.C. 2929.12 felony sentencing factors, but there is no requirement for the trial court to make any on-the-record findings regarding R.C. 2929.11 and R.C. 2929.12.'" *State v. Morgan*, 2023-Ohio-3913, ¶ 8 (2d Dist.), quoting *State v. Benedict*, 2021-Ohio-966, ¶ 8 (2d Dist.). "'The trial court has full discretion to impose any sentence within the authorized statutory range, and the court is not required to make any findings or give its reasons for imposing maximum or more than minimum sentences.'" *Id.*, quoting *State v. King*, 2013-Ohio-2021, ¶ 45 (2d Dist.). "'It is enough that the record demonstrates that the trial court considered R.C. 2929.11 and R.C. 2929.12 prior to imposing its sentence.'" *Id.*, quoting *State v. Trent*, 2021-Ohio-3698, ¶ 15 (2d Dist.). On our review of the record, the trial court considered the purposes and principals of sentencing and the seriousness and recidivism factors. It stated orally during the sentencing hearing that it did so and stated such in its journal entry. The PSI indicated that the sentencing factors were checked where they were applicable. Before pronouncing Nation's sentence, the trial court was compliant with R.C. 2929.11 and 2929.12.

**{¶ 15}** Nation's GSI and attempted corrupting another with drugs offenses were not one of the enumerated offenses subject to a mandatory CCS sentence under

6

R.C. 2929.13(B). Instead, Nation's GSI offense carried a possible prison term range of a definite term of twelve, eighteen, twenty-four, thirty, thirty-six, forty-two, forty-eight, fifty-four, or sixty months. R.C. 2929.14(A)(3)(a). Nation's attempted corrupting another with drugs offense carried a possible prison term range of a definite term of nine, twelve, eighteen, twenty-four, thirty, or thirty-six months. R.C. 2929.14(A)(3)(b). The trial court's 48-month prison term on GSI and 30-month prison sentence on the attempted corrupting another with drugs were within the statutory ranges for those offenses, and thus the sentences are not contrary to law.

{¶ 16} In his argument, Nation suggests that his prison sentences are contrary to law because the trial court failed to follow the recommendations of the State, victim, and Dr. DeLong, all of whom recommended treatment over prison. However, Ohio law holds otherwise. *See State v. Gibson*, 2025-Ohio-309, ¶ 16 (6th Dist.) (imposition of a sentence greater than the agreed-upon maximum not contrary to law); *State v. Shaw*, 2023-Ohio-3230, ¶ 6 (1st Dist.) (when the parties had agreed to recommend a four-year sentence to the court, the imposition of a five-year sentence was not contrary to law); *State v. Stotts*, 2023-Ohio-1411, ¶ 14-16 (5th Dist.) (sentence was not contrary to law where trial court imposed a greater sentence than the state's recommendation); *State v. Fyffe*, 2018-Ohio-112 (2d Dist.) (same); *State v. Underwood*, 2010-Ohio-1. This is because "[u]nless the court involves itself in the plea negotiations or agrees to the terms of the agreement, the trial court is not bound by the plea agreement, and the court may determine the appropriate sentence for the charges to which the defendant has pled guilty or no contest." *Fyffe* at ¶ 22, citing *State v. Sage*, 2013-Ohio-3048, ¶ 23 (2d Dist.), citing *State v. Underwood*, 2010-Ohio-1.

{¶ 17} In addition, there is nothing in Ohio law, including Ohio Const., art. I, § 10a ("Marsy's Law"), that authorizes or allows a victim to dictate to a sentencing court what a

7

sentence will or should be for an offense. *See* R.C. 2930.14(B) ("The court shall consider a statement made by a victim or victim's representative under division (A) of this section along with other factors that the court is required to consider in imposing sentence or in determining the order of disposition."); Ohio Const., art. I, § 10a(A)(3) (requiring the victim "to be heard in any public proceeding involving release, plea, sentencing, disposition, or parole, or in any public proceeding in which a right of the victim is implicated").

{¶ 18} At Nation's plea hearing, the trial court advised him that even if his counsel or the State made a sentencing recommendation, the court was not bound to accept it and could impose prison terms. Nation acknowledged that he understood. Nation's plea agreement was for reduced charges and did not contain a specific sentence to which the trial court had assented. Therefore, the trial court did not err in sentencing Nation to prison terms within the statutory ranges of his offenses instead of following the treatment recommendations made by the state, victim, and Dr. DeLong. Therefore, Nation's sentences are not contrary to law, and his assignment of error is overruled.

### IV.    Conclusion

{¶ 19} Having overruled Nation's assignment of error, the judgment of the trial court is affirmed.

. . . . . . . . . . . .

LEWIS, P.J., and EPLEY, J., concur.