**[Cite as *State v. Walsh*, 2022-Ohio-3883.]**

COURT OF APPEALS
KNOX COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO, | : | JUDGES: |
| | : | Hon. William B. Hoffman, P.J. |
| Plaintiff - Appellee | : | Hon. John W. Wise, J. |
| | : | Hon. Craig R. Baldwin, J. |
| -vs- | : | |
| | : | |
| ANDREW WALSH, | : | Case No. 21CA000016 |
| | : | |
| Defendant - Appellant | : | O P I N I O N |


CHARACTER OF PROCEEDING:          Appeal from the Knox County Court
                                 of Common Pleas, Case No. 20 CR
                                 07-0179


JUDGMENT:                        Affirmed


DATE OF JUDGMENT:                October 31, 2022


APPEARANCES:

For Plaintiff-Appellee                    For Defendant-Appellant

CHRISTINE WILLIAMS                        DONALD GALLICK
Assistant County Prosecutor               The Law Office of Donald Gallick, LLC
Knox County, Ohio                         190 North Union Street #102
117 East High Street                      Akron, Ohio 44304
Mount Vernon, Ohio 42050
                                          DON HICKS
                                          159 South Main Street #423
                                          Akron, Ohio 44308

*Baldwin, J.*

**{¶1}** Appellant, Andrew Walsh, appeals his April 30, 2021 sentence from the Court of Common Pleas of Knox County, Ohio. Appellee is the State of Ohio.

### STATEMENT OF THE FACTS AND THE CASE

**{¶2}** On July 27, 2020, the Knox County Grand Jury indicted Walsh on two counts of rape in violation of R.C. 2907.02 and one count of gross sexual imposition in violation of R.C. 2907.05. The charges arose from an incident between Walsh, a middle school teacher, and one of his students. On March 25, 2021, Walsh pled guilty to an amended charge of sexual battery in violation of R.C. 2907.03. A sentencing hearing was held on April 29, 2021. By sentencing entry filed April 30, 2021, the trial court sentenced Walsh to sixty months in prison and classified him as a Tier III sex offender.

**{¶3}** On May 27, 2021, Walsh filed a notice of appeal and on October 28, 2021, his appellate counsel filed a motion to withdraw and a brief pursuant to *Anders v. California,* 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). By judgment entry filed February 28, 2022, this court struck the *Anders* brief and denied counsel's motion to withdraw. On April 18, 2022, Walsh filed his merit brief.

**{¶4}** This matter is now before this court for consideration. Assignments of error are as follows:

**{¶5}** "I. THE TRIAL COURT DID NOT CONSIDER ALL REQUIRED FACTORS IN ORC 2929.12(C) AND 2929.12(D) BEFORE IMPOSING THE MAXIMUM SENTENCE."

**{¶6}** "II. THE TRIAL COURT IMPOSED A MAXIMUM SENTENCE IN VIOLATION OF OHIO LAW."

**{¶7}** "III. THE TRIAL COURT FAILED TO CONSIDER WHETHER APPELLANT'S SENTENCE SHOULD HAVE BEEN MITIGATED DUE TO THE MANDATORY FACTORS

FOUND IN OHIO REVISED CODE § 2929.12(E) AND BY FAILING TO CONSIDER A LOW RECIDIVISM SCORE."

## ANALYSIS

**{¶8}** In his three assignments of error, Walsh claims the trial court erred in sentencing him to the maximum sentence without considering the factors listed in R.C. 2929.12(C), (D), and (E). We will consider the assignments simultaneously.

**{¶9}** Pursuant to R.C. 2953.08(A)(1), Walsh is entitled to appeal as of right the maximum sentence imposed on his conviction. Under R.C. 2953.08(G)(2), we may either increase, reduce, modify, or vacate a sentence and remand for resentencing if we clearly and convincingly find that either the record does not support the sentencing court's findings under R.C. 2929.13(B) or (D), 2929.14(B)(2)(e) or (C)(4), or 2929.20(I), or the sentence is otherwise contrary to law. *State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, 59 N.E.3d 1231; *State v. Howell*, 5th Dist. Stark No. 2015CA00004, 2015-Ohio-4049.

**{¶10}** "Clear and convincing evidence is that measure or degree of proof which is more than a mere 'preponderance of the evidence,' but not to the extent of such certainty as is required 'beyond a reasonable doubt' in criminal cases, and which will produce in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established." *Cross v. Ledford*, 161 Ohio St. 469, 120 N.E.2d 118 (1954), paragraph three of the syllabus.

**{¶11}** As noted by this court in *State v. Taylor*, 5th Dist. Richland No. 17CA29, 2017-Ohio-8996, ¶ 16:

A trial court's imposition of a maximum prison term for a felony conviction is not contrary to law as long as the sentence is within the statutory range for the offense, and the court considers both the purposes and principles of felony sentencing set forth in R.C. 2929.11 and the seriousness and recidivism factors

set forth [in] R.C. 2929.12. *State v. Keith*, 8th Dist. Cuyahoga Nos. 103413 and 103414, 2016-Ohio-5234, ¶ 10, 16.

**{¶12}** R.C. 2929.11 governs overriding purposes of felony sentencing and states the trial court "shall consider the need for incapacitating the offender, deterring the offender and others from future crime, rehabilitating the offender, and making restitution to the victim of the offense, the public, or both."

**{¶13}** R.C. 2929.12 governs factors to consider in felony sentencing. Subsection (A) states the trial court "shall consider the factors set forth in divisions (B) and (C) of this section relating to the seriousness of the conduct, [and] the factors provided in divisions (D) and (E) of this section relating to the likelihood of the offender's recidivism."

**{¶14}** In *State v. Webb*, 5th Dist. Muskingum No. CT2018-0069, 2019-Ohio-4195, ¶ 17 we found that:

> Although a trial court must consider the factors in R.C. 2929.11 and 2929.12, there is no requirement that the court state its reasons for imposing a maximum sentence, or for imposing a particular sentence within the statutory range. There is no requirement in R.C. 2929.12 that the trial court states on the record that it has considered the statutory criteria concerning seriousness and recidivism or even discussed them. (Citations omitted.)

**{¶15}** "Nothing in R.C. 2953.08(G)(2) permits an appellate court to independently weigh the evidence in the record and substitute its judgment for that of the trial court concerning the sentence that best reflects compliance with R.C. 2929.11 and 2929.12." *State v. Jones,* 163 Ohio St.3d 242, 2020-Ohio-6729, 169 N.E.3d 649, ¶ 42.

**{¶16}** Walsh pled guilty to sexual battery in the third degree. A felony of the third degree involving a violation of R.C. 2907.03 is punishable by "a definite term of twelve, eighteen, twenty-four, thirty, thirty-six, forty-two, forty-eight, fifty-four, or sixty months." R.C. 2929.14(A)(3)(a). The

trial court sentenced Walsh to the maximum, sixty months in prison, so the sentence is not contrary to law.

**{¶17}** Walsh argues the trial court "mentioned all of the factors in 2929.12 that recommended a harsh sentence. (Sentencing transcript 27-36). However, the trial court did not mention any of the factors * * * that required a lesser sentence, a sentence lower than a maximum sentence" and that the trial court "considered zero of the five factors listed in" R.C. 2929.12(E)."

**{¶18}** Walsh's argument is frustrated by the decisions that make clear the trial court's obligation to consider the factors listed in R.C. 2929.12, but do not impose any fact-finding requirement or explanation. We have found that:

> While trial courts are required to consider both R.C. 2929.11 and 2929.12 before imposing a prison sentence, they are not required to make specific findings under any of those considerations. *State v. Wilson*, 129 Ohio St.3d 214, 2011-Ohio-2669, 951 N.E.2d 381, ¶ 31; *State v. Arnett*, 88 Ohio St.3d 208, 724 N.E.2d 793 (2000). "Indeed, consideration of the factors is presumed unless the defendant affirmatively shows otherwise." *State v. Phillips*, 8th Dist. Cuyahoga No. 110148, 2021-Ohio-2772, ¶ 8, citing *State v. Wright,* 2018-Ohio-965, 108 N.E.3d 1109, ¶ 16 (8th Dist.).

*State v. Crawford*, 5th Dist. Muskingum No. CT2021-0059, 2022-Ohio-3125, ¶ 18.

**{¶19}** The trial court completed a thorough analysis of the statutory sentencing factors beginning on page 27, line 19 of the sentencing transcript and continuing through page 30, line 22. The trial court concluded by stating:

> So the court has considered the purposes and principles contained in Revised Code Section 2929.11. And I've considered the seriousness factors in the Ohio Revised Code Section 2929.12 which I just reviewed with you. And the court has fully considered the recidivism factors of Revised Code Section 2929.12. I do

find that a prison term is consistent with the purposes of Revised Code Section 2929.11. And that the defendant is not amenable to a community control sanction.

Sentencing Transcript, p. 30, line 23 to p. 31, line 9.

**{¶20}** The trial court confirmed that it considered the factors listed under R.C. 2929.12(D) and (E), the "recidivism factors", but did not recite each factor individually. We find that the lack of an express review of each of the mitigating factors is not required by the Revised Code. Further, Walsh has not provided an affirmative showing that the trial court did not consider those factors. *Crawford, supra.*

**{¶21}** Upon review of the entire record and counsel's arguments, we do not find clear and convincing evidence that the record does not support the trial court's findings or that the sentence is contrary to law. R.C. 2953.08(G)(2). The sentence is within the statutory range for a felony of the third degree, and the trial court considered the R.C. 2929.11 and 2929.12 factors.

**{¶22}** Assignments of Error I, II, and III are denied.

**{¶23}** The judgment of the Court of Common Pleas of Knox County, Ohio, is hereby affirmed.

By: Baldwin, J.

Hoffman, P.J. and

Wise, John, J. concur.