[Cite as *State v. Grant*, 2026-Ohio-1635.]

IN THE OHIO COURT OF APPEALS
FIFTH APPELLATE DISTRICT
MUSKINGUM COUNTY, OHIO

| | |
|---|---|
| STATE OF OHIO, | Case No. CT2025-0103 |
| Plaintiff - Appellee | <u>Opinion And Judgment Entry</u> |
| -vs- | Appeal from the Muskingum County Court of Common Pleas, Case No. CR2025-0367 |
| ALBERTA GRANT, | Judgment:   Affirmed |
| Defendant - Appellant | Date of Judgment Entry: May 5, 2026 |

**BEFORE:** Andrew J. King; Craig R. Baldwin; William B. Hoffman, Judges

**APPEARANCES:** JOSEPH A. PALMER, for Plaintiff-Appellee; APRIL F. CAMPBELL, for Defendant-Appellant.

*Baldwin, J.*

**{¶1}**   The appellant, Alberta Grant, appeals the sentence imposed by the trial court following her change of plea to guilty in connection with a plea deal. Appellee is the State of Ohio.

**STATEMENT OF FACTS AND THE CASE**

**{¶2}**   The appellant resided at 252 South Blackwood Drive in Zanesville with her husband and four children, one of whom is victim T.G., whose date of birth is March 31, 2016. The appellant's father, Charles Hollenback, was a registered sex offender following his release from prison in connection with the rape of a child under the age of 13. When released on community control Hollenback was required to register as a sex offender; when he did so he listed his address as "homeless," and as a result was on GPS monitoring.

Sometime prior to January 19, 2025, Hollenback would stay with the appellant for a couple of days, would leave for a day or so, and would come back. This trend continued until January 19, 2025, when Hollenback's GPS showed him staying at the Blackwood Drive residence continuously. Hollenback failed to register the Blackwood residence as his address and never reported staying in Muskingum County. Hollenback's community control supervisor noted Hollenback's proximity to an elementary school via the GPS monitor and delved further into Hollenback's activities.

{¶3} A review of Hollenback's phone records revealed that he sent the appellant a text message stating that he had "a deal" for her, that he was spending a lot of money on women that he could be giving the appellant, that he knew T.G. was young but he was willing to wait, and that he knew T.G. was his granddaughter "but what the law don't know" "won't hurt them." The appellant responded to Hollenback, stating "that can't go on" because if "[her husband] finds out [she'll] lose all her kids." The appellant nevertheless allowed Hollenback to move into the Blackwood residence and live there with her and her family, allowing Hollenback to have access to her children, including T.G.

{¶4} Hollenback's community control supervisor reported the matter to law enforcement. When confronted with whether Hollenback was residing with her and her family the appellant lied, telling officers that Hollenback did not live with them. However, Hollenback's text message history, together with his GPS history, confirmed that he did, in fact, reside at the Blackwood Drive residence. Further, it was confirmed that Hollenback had offered to give the appellant money for access to T.G. for the purposes of a sexual relationship. Despite Hollenback's status as a sex offender, the appellant left her children alone with him on numerous occasions. Finally, it was discovered that

Hollenback had exchanged letters with T.G. documenting his sexual relationship with her. The appellant, when questioned by law enforcement, lied numerous times to conceal the events surrounding the fact that Hollenback resided with her at the Blackwood residence, that he had offered her money for access to T.G., and that he exchanged letters with the appellant and with T.G.

{¶5} In a letter Hollenback sent from jail to the appellant he once again asked to be with T.G. as soon as he got out of jail, and told the appellant that he would give her money if she let him. T.G. wrote a letter to Hollenback by in which she wrote, in part, "to my love, I love you. Do you love me back?", followed by a check-mark box for "yes" or "no." Hollenback wrote back to T.G., stating "baby, do you mean this? I will meet you in your room, but I get to [perform cunnilingus] and kiss your bare butt and make love to you tonight. But I go all the way inside of you tonight," followed by a check-mark box for "yes" or "no." Although the appellant was aware of the contents of the letters, she lied to police when questioned about them. T.G. later confirmed that Hollenback raped her after the exchange of said letters.

{¶6} On May 22, 2025, the appellant was indicted on the following charges:

- Count 1: Endangering children in violation of R.C. 2919.22(A) and (E)(2)(a), a misdemeanor of the first degree;

- Count 2: Endangering children in violation of R.C. 2919.22(A) and (E)(2)(a), a misdemeanor of the first degree;

- Count 3: Endangering children in violation of R.C. 2919.22(A) and (E)(2)(a), a misdemeanor of the first degree;

- Count 4: Endangering children in violation of R.C. 2919.22(A) and (E)(2)(c), a felony of the third degree;

- Count 5: Obstructing justice in violation of R.C. 2921.32(A)(5) and (C)(4), a felony of the third degree; and,

- Count 6: Obstructing justice in violation of R.C. 2921.32(A)(5) and (C)(4), a felony of the third degree.

The appellant pleaded not guilty to all charges at her May 28, 2025, arraignment.

**{¶7}** The appellant thereafter entered into a plea agreement with the appellee. A Plea of Guilty form was filed with the court and stated in part that "[p]rison terms for multiple charges, even if consecutive sentences are not mandatory, may be imposed consecutively the Court." A change of plea hearing took place on July 23, 2025, at which the appellant withdrew her plea of not guilty and entered a plea guilty to all charges. The trial court engaged in the requisite Crim.R. 11 colloquy and ordered a presentence investigation.

**{¶8}** The matter proceeded to sentencing on September 29, 2025. The trial court sentenced the appellant to 180 days of local incarceration on Counts 1, 2, and 3, which were the misdemeanor child endangerment charges. The court then sentenced the appellant to 36 months in prison each on Counts 4, 5, and 6, and ordered them to be served consecutively. The court stated:

THE COURT: I do find that consecutive sentences are necessary to protect the public from future crime and to punish this defendant and that consecutive sentences are not disproportionate to the seriousness of the defendant's conduct and the danger that the defendant poses to the public.

At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses committed was so great or unusual that no single prison

term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the defendant's conduct. The trial court also issued a sentencing Entry in which it stated, inter alia, that it had "considered the record, all statements, any victim impact statement, the plea recommendation in this matter, as well as the principles and purposes of sentencing under Ohio Revised Code §2929.11 and its balance of seriousness and recidivism factors under Ohio Revised Code §2929.12." The Entry set forth the aggregate prison sentence of 108 months.

{¶9} The appellant filed a timely appeal, and sets forth the following two assignments of error:

{¶10} "I. THE TRIAL COURT'S DECISION TO IMPOSE MAXIMUM CONSECUTIVE SENTENCES SHOULD BE VACATED."

{¶11} "II. THERE IS CLEAR AND CONVINCING EVIDENCE THAT THE RECORD DOES NOT SUPPORT THE TRIAL COURT'S IMPOSITION OF TWO FORTY-EIGHT-MONTH PRISON SENTENCES[1], AND THE SENTENCES ARE CONTRARY TO LAW."

{¶12} The appellant submits that the trial court erred when it imposed consecutive sentences on Counts 4, 5, and 6, all felonies, resulting in an aggregate sentence of 108 months in prison. We disagree, and for the reasons set forth below affirm the decision of the trial court.

---

[1] It is unclear why the appellant's assignment of error number two references two 48-month prison sentences when she was sentenced to three 36-month prison terms.

**STANDARD OF REVIEW**

**{¶13}** The appellant's assignments of error are interrelated, and as such we shall address them together.

**{¶14}** An appellate court may vacate or modify any sentence that is not clearly and convincingly contrary to law only if the appellate court finds by clear and convincing evidence that the record does not support the sentence. *State v. Marcum*, 2016-Ohio-1002, ¶ 23. "Clear and convincing evidence is that measure or degree of proof which is more than a mere 'preponderance of the evidence,' but not to the extent of such certainty as is required 'beyond a reasonable doubt' in criminal cases, and which will produce in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established." *Cross v. Ledford*, 161 Ohio St. 469, paragraph three of the syllabus (1954). Thus, we may vacate or modify the appellant's sentence only if we find by clear and convincing evidence that the record does not support it.

**{¶15}** On the issue of consecutive sentences, the Ohio Supreme Court stated the following in the seminal case of *State v. Bonnell*, 2014-Ohio-3177:

> On appeals involving the imposition of consecutive sentences, R.C. 2953.08(G)(2)(a) directs the appellate court "to review the record, including the findings underlying the sentence" and to modify or vacate the sentence "if it clearly and convincingly finds * * * [t]hat the record does not support the sentencing court's findings under division * * * (C)(4) of section 2929.14 * * * of the Revised Code." But that statute does not specify where the findings are to be made. Thus, the record must contain a basis upon which a reviewing court can determine that the trial court made the findings required by R.C. 2929.14(C)(4) before it imposed consecutive sentences.

*Id*. at ¶ 28. The issue was subsequently addressed by this Court in *State v. Corbett,* 2023-Ohio-556 (5th Dist.):

> We review felony sentences using the standard of review set forth in R.C. 2953.08. *State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, 59 N.E.3d 1231, ¶ 22. In *State v. Gwynne*, a plurality of the Supreme Court of Ohio held that an appellate court may only review individual felony sentences under R.C. 2929.11 and R.C. 2929.12, while R.C. 2953.08(G)(2) is the exclusive means of appellate review of consecutive felony sentences. 158 Ohio St.3d 279, 2019-Ohio-4761, 141 N.E.3d 169, ¶ 16-18.
>
> R.C. 2953.08(G)(2) provides we may either increase, reduce, modify, or vacate a sentence and remand for resentencing where we clearly and convincingly find that ***either*** the record does not support the sentencing court's findings under R.C. 2929.13(B) or (D), 2929.14(B)(2)(e) or (C)(4), or 2929.20(I), ***or*** the sentence is otherwise contrary to law. *See, also, State v. Bonnell*, 140 Ohio St.3d 209, 2014-Ohio-3177, 16 N.E.2d 659, ¶ 28; *Gwynne,* supra, ¶ 16.
>
> Clear and convincing evidence is that evidence "which will provide in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established." *Cross v. Ledford,* 161 Ohio St. 469, 120 N.E.2d 118 (1954), paragraph three of the syllabus. "Where the degree of proof required to sustain an issue must be clear and convincing, a reviewing court will examine the record to determine whether the trier of facts had sufficient evidence before it to satisfy the requisite degree of proof." *Cross,* 161 Ohio St. at 477, 120 N.E.2d 118.

*Id*. at ¶24-26.

## ANALYSIS

**{¶16}** R.C. 2929.13(C) provides that "in determining whether to impose a prison term as a sanction for a felony of the third degree *** the sentencing court shall comply with the purposes and principles of sentencing under section 2929.11 of the Revised Code and with section 2929.12 of the Revised Code." In this case, the appellant pleaded guilty to three first-degree misdemeanors[2] and three third-degree felonies.

**{¶17}** R.C. 2929.11 provides in pertinent part:

(A) A court that sentences an offender for a felony shall be guided by the overriding purposes of felony sentencing. The overriding purposes of felony sentencing are to protect the public from future crime by the offender and others, to punish the offender, and to promote the effective rehabilitation of the offender using the minimum sanctions that the court determines accomplish those purposes without imposing an unnecessary burden on state or local government resources. To achieve those purposes, the sentencing court shall consider the need for incapacitating the offender, deterring the offender and others from future crime, rehabilitating the offender, and making restitution to the victim of the offense, the public, or both.

(B) A sentence imposed for a felony shall be reasonably calculated to achieve the three overriding purposes of felony sentencing set forth in

---

[2] The trial court imposed 180 days of local incarceration for each of the first-degree misdemeanors and ordered that they be served concurrently with the 108 months the appellant was sentenced to serve in prison for the three third-degree felonies. The sentence imposed for the misdemeanors is not at issue herein.

division (A) of this section, commensurate with and not demeaning to the seriousness of the offender's conduct and its impact upon the victim, and consistent with sentences imposed for similar crimes committed by similar offenders.

**{¶18}** The trial court specifically stated during the sentencing hearing that it found the sentence imposed necessary to protect the public from future crime by the appellant and others and to punish the offender, and that it was not disproportionate to the seriousness of the appellant's conduct and the danger she posed to the public. Further, the trial court specifically stated in the sentencing Entry that it considered the factors set forth in R.C. 2929.11 and R.C. 2929.12.

**{¶19}** R.C. 2929.12 provides in pertinent part:

(A)    Unless otherwise required by section 2929.13 or 2929.14 of the Revised Code, a court that imposes a sentence under this chapter upon an offender for a felony has discretion to determine the most effective way to comply with the purposes and principles of sentencing set forth in section 2929.11 of the Revised Code. In exercising that discretion, the court shall consider the factors set forth in divisions (B) and (C) of this section relating to the seriousness of the conduct, the factors provided in divisions (D) and (E) of this section relating to the likelihood of the offender's recidivism, ***

(B)    The sentencing court shall consider all of the following that apply regarding the offender, the offense, or the victim, and any other relevant factors, as indicating that the offender's conduct is more serious than conduct normally constituting the offense:

(1)     The physical or mental injury suffered by the victim of the offense due to the conduct of the offender was exacerbated because of the physical or mental condition or age of the victim.

(2)     The victim of the offense suffered serious physical, psychological, or economic harm, including serious physical harm the victim caused to the victim's self, as a result of the offense.

(3)     The victim died by suicide as a result of the offense.

(4)     The offender held a public office or position of trust in the community, and the offense related to that office or position.

(5)     The offender's occupation, elected office, or profession obliged the offender to prevent the offense or bring others committing it to justice.

(6)     The offender's professional reputation or occupation, elected office, or profession was used to facilitate the offense or is likely to influence the future conduct of others.

(7)     The offender's relationship with the victim facilitated the offense.

(8)     The offender committed the offense for hire or as a part of an organized criminal activity.

(9)     In committing the offense, the offender was motivated by prejudice based on race, ethnic background, gender, sexual orientation, or religion.

(10)     If the offense is a violation of section 2919.25 or a violation of section 2903.11, 2903.12, or 2903.13 of the Revised Code involving a person

who was a family or household member at the time of the violation, the offender committed the offense in the vicinity of one or more children who are not victims of the offense, and the offender or the victim of the offense is a parent, guardian, custodian, or person in loco parentis of one or more of those children.

(C) The sentencing court shall consider all of the following that apply regarding the offender, the offense, or the victim, and any other relevant factors, as indicating that the offender's conduct is less serious than conduct normally constituting the offense:

(1) The victim induced or facilitated the offense.

(2) In committing the offense, the offender acted under strong provocation.

(3) In committing the offense, the offender did not cause or expect to cause physical harm to any person or property.

(4) There are substantial grounds to mitigate the offender's conduct, although the grounds are not enough to constitute a defense.

(D) The sentencing court shall consider all of the following that apply regarding the offender, and any other relevant factors, as factors indicating that the offender is likely to commit future crimes:

(1) At the time of committing the offense, the offender was under release from confinement before trial or sentencing; was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code; was under post-release control pursuant to section 2967.28 or any other provision of the Revised Code for an earlier offense or had been

unfavorably terminated from post-release control for a prior offense pursuant to division (B) of section 2967.16 or section 2929.141 of the Revised Code; was under transitional control in connection with a prior offense; or had absconded from the offender's approved community placement resulting in the offender's removal from the transitional control program under section 2967.26 of the Revised Code.

(2)    The offender previously was adjudicated a delinquent child pursuant to Chapter 2151 of the Revised Code prior to January 1, 2002, or pursuant to Chapter 2152 of the Revised Code, or the offender has a history of criminal convictions.

(3)    The offender has not been rehabilitated to a satisfactory degree after previously being adjudicated a delinquent child pursuant to Chapter 2151 of the Revised Code prior to January 1, 2002, or pursuant to Chapter 2152 of the Revised Code, or the offender has not responded favorably to sanctions previously imposed for criminal convictions.

(4)    The offender has demonstrated a pattern of drug or alcohol abuse that is related to the offense, and the offender refuses to acknowledge that the offender has demonstrated that pattern, or the offender refuses treatment for the drug or alcohol abuse.

(5)    The offender shows no genuine remorse for the offense.

(E)    The sentencing court shall consider all of the following that apply regarding the offender, and any other relevant factors, as factors indicating that the offender is not likely to commit future crimes:

(1)     Prior to committing the offense, the offender had not been adjudicated a delinquent child.

(2)     Prior to committing the offense, the offender had not been convicted of or pleaded guilty to a criminal offense.

(3)     Prior to committing the offense, the offender had led a law-abiding life for a significant number of years.

(4)     The offense was committed under circumstances not likely to recur.

(5)     Except as provided in division (G) of this section, the offender shows genuine remorse for the offense.

**{¶20}** Imposition of a maximum sentence was discussed by this Court in *Ohio v. Walsh*, 2022-Ohio-3883 (5th Dist.):

Pursuant to R.C. 2953.08(A)(1), Walsh is entitled to appeal as of right the maximum sentence imposed on his conviction. Under R.C. 2953.08(G)(2), we may either increase, reduce, modify, or vacate a sentence and remand for resentencing if we clearly and convincingly find that either the record does not support the sentencing court's findings under R.C. 2929.13(B) or (D), 2929.14(B)(2)(e) or (C)(4), or 2929.20(I), or the sentence is otherwise contrary to law. *State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, 59 N.E.3d 1231; *State v. Howell*, 5th Dist. Stark No. 2015CA00004, 2015-Ohio-4049.

"Clear and convincing evidence is that measure or degree of proof which is more than a mere 'preponderance of the evidence,' but not to the extent of such certainty as is required 'beyond a reasonable doubt' in

criminal cases, and which will produce in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established." *Cross v. Ledford*, 161 Ohio St. 469, 120 N.E.2d 118 (1954), paragraph three of the syllabus.

As noted by this court in *State v. Taylor*, 5th Dist. Richland No. 17CA29, 2017-Ohio-8996, ¶ 16:

> A trial court's imposition of a maximum prison term for a felony conviction is not contrary to law as long as the sentence is within the statutory range for the offense, and the court considers both the purposes and principles of felony sentencing set forth in R.C. 2929.**11** and the seriousness and recidivism factors set forth [in] R.C. 2929.12. *State v. Keith*, 8th Dist. Cuyahoga Nos. 103413 and 103414, 2016-Ohio-5234, ¶ 10, 16.

R.C. 2929.11 governs overriding purposes of felony sentencing and states the trial court "shall consider the need for incapacitating the offender, deterring the offender and others from future crime, rehabilitating the offender, and making restitution to the victim of the offense, the public, or both."

R.C. 2929.12 governs factors to consider in felony sentencing. Subsection (A) states the trial court "shall consider the factors set forth in divisions (B) and (C) of this section relating to the seriousness of the conduct, [and] the factors provided in divisions (D) and (E) of this section relating to the likelihood of the offender's recidivism."

In *State v. Webb*, 5th Dist. Muskingum No. CT2018-0069, 2019-Ohio-4195, ¶ 17 we found that:

Although a trial court must consider the factors in R.C. 2929.11 and 2929.12, there is no requirement that the court state its reasons for imposing a maximum sentence, or for imposing a particular sentence within the statutory range. There is no requirement in R.C. 2929.12 that the trial court states on the record that it has considered the statutory criteria concerning seriousness and recidivism or even discussed them. (Citations omitted.)

"Nothing in R.C. 2953.08(G)(2) permits an appellate court to independently weigh the evidence in the record and substitute its judgment for that of the trial court concerning the sentence that best reflects compliance with R.C. 2929.11 and 2929.12." *State v. Jones*, 163 Ohio St.3d 242, 2020-Ohio-6729, 169 N.E.3d 649, ¶ 42.

*Id.* at ¶¶ 9-15.

{¶21} R.C. 2929.14(A)(3)(b) provides that "[f]or a felony of the third degree that is not an offense for which division (A)(3)(a) of this section applies, the prison term shall be a definite term of nine, twelve, eighteen, twenty-four, thirty, or thirty-six months." In this case, Counts 4, 5, and 6, to which the appellant pleaded guilty, were third degree felonies for which she was sentenced to 36 months each in prison. These sentences were clearly within the parameters established by R.C. 2929.14.

Furthermore, R.C. 2020.14 specifically addresses the imposition of consecutive sentences at section (C)(4):

If multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively if the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:

(a)     The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.

(b)     At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.

(c)     The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

This language was applied in *Corbett,* supra, in which this Court stated:

"In order to impose consecutive terms of imprisonment, a trial court is required to make the findings mandated by R.C. 2929.14(C)(4) at the sentencing hearing and incorporate its findings into its sentencing entry, but it has no obligation to state reasons to support its findings." *State v.*

*Newman*, 5th Dist. Fairfield No. 20-CA-44, 2021-Ohio-2124, 2021 WL 2628079, ¶ 100, citing *State v. Bonnell*, 140 Ohio St.3d 209, 2014-Ohio-3177, 16 N.E.3d 659, syllabus. In other words, the sentencing court does not have to perform "a word-for-word recitation of the language of the statute." *Id*. at ¶ 29. Therefore, "as long as the reviewing court can discern that the trial court engaged in the correct analysis and can determine that the record contains evidence to support the findings, consecutive sentences should be upheld." *Id*. If a sentencing court fails to make the findings required by R.C. 2929.14(C)(4), a consecutive sentence imposed is contrary to law. *Id*. at ¶ 34. The trial court is not required "to give a talismanic incantation of the words of the statute, provided that the necessary findings can be found in the record and are incorporated into the sentencing entry." *Id*. at ¶ 37.

*Id*. at ¶28.

{¶22} The appellant argues that the trial court's imposition of consecutive sentences in this case is in contravention of R.C. 2929.14(C)(4). We disagree. Our review of the record establishes that the trial court made the findings required by R.C. 2929.14(C)(4) before it imposed consecutive sentences. The trial court specifically found that consecutive sentences were necessary to protect the public and punish the appellant, and were not disproportionate to the seriousness of the appellant's conduct and the danger she posed to the public. The trial court noted the seriousness of the crimes committed by the appellant, stating:

THE COURT:      You realize, obviously, that as the mother you should be the one to protect your children; right? I mean, the father should,

too, but that's why you wanted to keep it and not let your husband know, right, because he would have protected the children?

And not only did you not protect your children, but you put them at risk. You significantly put them at risk.

Your attorney indicated that you pled guilty, which I acknowledge you pled guilty, and your attorney indicated to not make your daughter have to go through the process of a trial, which can be traumatic. That's because you ended up not protecting her in a way in which that she experienced a sexual assault, which is more traumatic - - I think it can be argued at least - - that that's more traumatic than having to come in and testify.

I do think this is absolutely the worst form of the offense.

Furthermore, the trial court's exchange with the appellant during her sentencing hearing revealed that the appellant continued to lie, even at her sentencing:

THE COURT:        But then you let him stay at the house?

THE DEFENDANT: I did for a little bit.

THE COURT:        And watch the kids?

THE DEFENDANT: I was always home with them.

THE COURT:        And have access to them?

THE DEFENDANT: I was always around.

THE COURT:        That's interesting, because it says that you admitted that at times you left the children alone with him.

And you know exactly why he wanted access to your daughter because he tells you that; [sic] right?

THE DEFENDANT: No.

THE COURT: I'm willing to wait. I know she's my granddaughter, but what the law don't know won't hurt them so it's up to you.

You don't know what he's talking about there?

THE DEFENDANT: No.

THE COURT: Conversations from the jail call between you and your father. He would tell you to give your daughter an engagement ring he got for her and that he'll be with her when he gets out of jail, and you agreed to do so. Right?

THE DEFENDANT: I remember those calls.

**{¶23}** The trial court found that consecutive sentences were necessary to punish the appellant, and found that consecutive sentences were not disproportionate to the seriousness of the appellant's conduct and the danger she posed to the public.

**{¶24}** "[A]s long as the reviewing court can discern that the trial court engaged in the correct analysis and can determine that the record contains evidence to support the findings, consecutive sentences should be upheld." *Bonnell*, supra, at ¶ 29. In the case sub judice, the record establishes that the trial court considered R.C. 2929.11 and 2929.12 in imposing sentence upon the appellant, made the necessary findings pursuant to R.C. 2929.14(C)(4) at the sentencing hearing, and incorporated its findings into its sentencing entry. The record supports the findings of the trial court, and the appellant's consecutive sentences should be upheld. We therefore find the appellant's assignments of error numbers one and two to be wholly without merit.

## CONCLUSION

{¶25} Based upon the foregoing, the appellant's assignments of error numbers one and two are overruled, and the decision of the Muskingum County Court of Common Pleas is hereby affirmed.

{¶26} Costs to appellant.

By: Baldwin, J.

King, P.J. and

Hoffman, J. concur.